■ LESLIE MILLER, Respondent, v ANNA MILLER, Appellant. —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Fasullo, J.H.O.), entered March 15, 1988, as, after a nonjury trial, distributed the property of the parties.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, (1) by deleting the fourth decretal paragraph thereof and substituting therefor a provision declaring that a vacant lot located at 101st Avenue and 124th Street in Richmond Hill, New York, is the separate property of the defendant wife, (2) by deleting the seventh decretal paragraph thereof and substituting therefor a provision that the defendant wife is awarded 50% of the plaintiff's annual pension, less taxes, if any, payable in monthly installments, from which shall be subtracted one half the value of the defendant's monthly pension payments, less taxes, if any, and (3) by adding a provision thereto awarding the defendant an additional $5,000, representing 50% of the cash surrender value of $10,000 of the plaintiff's paid-up life insurance policy, of which the defendant is the beneficiary; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment.

The plaintiff, a retired dentist who was 86 years old at the time of the trial, and the defendant, a retired school teacher who was 74 years old at the trial, were married in 1942. The defendant, who had been teaching in the New York City public school system since 1939, interrupted her career in New York in 1948 to follow her husband as he worked for the United States Government as a dentist. She moved 13 times

during the early years of her marriage and obtained a license to teach in Florida.

When she returned to New York in 1966, she had lost her regular teaching license. After obtaining a new license, she taught as a substitute teacher until she received a regular appointment in November 1977. She thereafter taught for five years in order to establish pension rights and retired at the age of 70. Had she not interrupted her career in New York, she would have been eligible for a pension considerably higher than the approximately $748 monthly stipend she received at the time of the trial.

An interest in a pension is marital property subject to equitable distribution (see, Majauskas v Majauskas, 61 NY2d 481, 491-492). Although the court may, in its discretion, order a distributive award in lieu of equitable distribution when valuation or other problems make equitable distribution "impractical or burdensome" (Majauskas v Majauskas, supra, at 486), where, as in this case, the parties are already receiving fixed monthly pension payments, which, it appears, are entirely or very nearly entirely marital property, it is appropriate to equitably distribute their pension payments. Therefore, in the exercise of our broad discretion in these matters (see, Majauskas v Majauskas, supra, at 493-494), we find that the defendant is entitled to 50% of the plaintiff's annual pension of approximately $34,000 (the amount testified to by him at trial), and that the plaintiff husband is entitled to 50% of the defendant's annual pension of approximately $9,000.

Further, the cash surrender value of the plaintiff's life insurance policy is marital property subject to equitable distribution (see, Jolis v Jolis, 111 Misc 2d 965, 983, affd 98 AD2d 692).

We further find that credible evidence at trial sufficiently established that a vacant lot purchased in 1948 was separate property belonging to the defendant since it had been purchased by her on behalf of her mother, using funds provided by her mother.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.