■ CAROL A. GIBSON, Appellant, v CALVIN GIBSON, Respondent. [702 NYS2d 158] —Spain, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered March 5, 1999 in Broome County, which, *inter alia*, awarded plaintiff maintenance, upon a decision of the court.

The parties to this divorce action were married in 1961 and have four children, all of whom are now adults. Neither party has any education beyond high school. Both are in their mid-50s and have long-term employment, plaintiff as a teacher's aide for approximately 18 years and defendant as a salesman for more than 20 years. Plaintiff's annual income is approximately $10,500 and defendant's annual income is approximately $38,400. The parties have limited marital assets which they agreed to divide equally. After hearing the parties' testimony regarding the remaining issues, Supreme Court awarded maintenance of $800 per month to plaintiff until defendant retires or he reaches the age of 62, whichever occurs later. Plaintiff appeals.

According to plaintiff, maintenance should, at the very least,

continue at a reduced rate after defendant retires or reaches age 62. However, Supreme Court has broad discretion in fixing the amount and duration of maintenance (see, Nielson v Nielson, 259 AD2d 916; Strang v Strang, 222 AD2d 975). While defendant's income is considerably larger than plaintiff's, it is unlikely to increase as he approaches retirement and Social Security will be his main source of income after retirement. Plaintiff will also be eligible for Social Security. Pursuant to the distributive award, plaintiff will receive cash from defendant in lieu of certain interests in marital property retained by defendant. Plaintiff will also receive one half of the proceeds of the sale of the marital residence which will be available to help meet her increased housing expenses. Plaintiff also has some investments from an inheritance and her monthly expenses will be decreased by defendant's assumption of one half the marital debt.

In making its award of maintenance, Supreme Court considered the relevant statutory factors (see, Domestic Relations Law § 236 [B] [6] [a]) and provided a reasoned analysis for its decision. A review of the record discloses no abuse of discretion in the award. The judgment is, therefore, affirmed.

Cardona, P. J., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.