■ DEBORAH M. GUBIOTTI, Respondent, v RONALD GUBIOTTI, SR., Appellant. [798 NYS2d 747]—

Mercure, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered March 11, 2004 in Sullivan County, which, inter alia, awarded plaintiff maintenance, upon a decision of the court.

The parties to this divorce action were married in 1972 and have three emancipated sons. At the time of the hearing before Supreme Court on the issues of equitable distribution and maintenance, plaintiff was 50 and defendant was 53. Plaintiff has a high school education and spent the greater part of the marriage as a homemaker. At times during the marriage, plaintiff worked outside the home in a variety of menial jobs and also babysat for other people's children. In 1995, she began to run a licensed day-care center in the marital home from which she reported a gross income of $18,901 in 2002. Defendant, who earned an MBA during the marriage, is a Northwestern Mutual Life Insurance Company agent. Defendant's average gross income for 2000, 2001 and 2002 was $165,227, while his tax returns for those years report an average net income of $58,962. After hearing testimony, Supreme Court, among other things, distributed the marital estate and awarded plaintiff maintenance of $3,000 per month for seven years and $1,500 per month thereafter until plaintiff's death or remarriage or the death of defendant. Defendant now appeals from that part of the judgment that awarded maintenance.

Defendant asserts that the durational award of maintenance in the amount of $3,000 per month is excessive in that he will have to pay annual maintenance of $36,000 despite the fact that his income is only approximately $59,000. He contends that the durational maintenance award constitutes 62% of his income, and leaves him with annual income in the amount of $17,250, after taxes. In making its factual findings pursuant to Domestic Relations Law § 236 (B) (6) (a), Supreme Court appears to have used the figure of $59,000 in determining defendant's income,

but also made findings suggesting that the award of maintenance was based in part upon income and perquisites of defendant not reflected in that $59,000 figure. There is evidence in the record to support both the $59,000 figure or a higher level of income, but a lack of detail in Supreme Court's express factual findings precludes us from determining whether the award of $3,000 per month for seven years is excessive.

Defendant further contends that Supreme Court erred in awarding plaintiff nondurational maintenance because it is a de facto redistribution of his pension, and because it will require him to continue working into the years during which he intends to retire. Although we conclude that these narrow, conclusory arguments lack merit, we must nevertheless remit the issue of nondurational maintenance to Supreme Court. Nondurational maintenance may be appropriate where, as here, plaintiff's energies during the marriage were primarily devoted to homemaking and child rearing to the detriment of her ability to become self-sufficient and maintain the predivorce standard of living (*see Hartog v Hartog*, 85 NY2d 36, 51-52 [1995]; *Holterman v Holterman*, 307 AD2d 442 [2003], *affd* 3 NY3d 1 [2004]; *cf. Unger-Matusik v Matusik*, 276 AD2d 936, 938-939 [2000]). An award of nondurational maintenance is among the issues to be resolved in the sound discretion of the trial court after consideration of the pertinent factors set forth in Domestic Relations Law § 236 (B) (6) (a), the payee spouse's reasonable needs, and the predivorce standard of living (*see Hartog v Hartog, supra* at 51-52; *Holterman v Holterman, supra* at 442). Among the many specific considerations underlying an award of nondurational maintenance and the amount thereof is the present and potential future income of each of the parties (*see* Domestic Relations Law § 236 [B] [6] [a] [1], [3]; *Hartog v Hartog, supra* at 51-52; *cf. Gibson v Gibson*, 268 AD2d 776, 776-777 [2000]). As with the award of durational maintenance in the amount of $3,000 per month, Supreme Court's findings of fact regarding defendant's income lack sufficient detail to permit review of the nondurational maintenance award.

Inasmuch as the evidence in this matter may support Supreme Court's maintenance award, but is insufficient to afford this Court the capability to make appropriate findings, we decline to exercise our authority to consider the issue of the amount and duration of maintenance de novo (*see Maieli v Maieli*, 223 AD2d 909, 910 [1996]; *compare Altomer v Altomer*, 300 AD2d 927, 929 [2002]; *Chasin v Chasin*, 182 AD2d 862, 864 [1992]). Accordingly, we will remit the matter to Supreme Court to state additional findings or conduct further proceedings.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded maintenance; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision and, pending further order of said court, defendant is to pay plaintiff temporary maintenance in the amount of $3,000 per month; and, as so modified, affirmed.