■ Donna S. Redgrave, Respondent, v Harry W. Redgrave, Appellant. [802 NYS2d 550]—

Cardona, P.J. Appeal from an order of the Supreme Court (Seibert, Jr., J.), entered April 8, 2004 in Saratoga County, which denied defendant's motion for an award of counsel fees.

The parties were previously married. After plaintiff was granted a divorce (304 AD2d 1062 [2003]), a trial was held on the issue of equitable distribution (13 AD3d 1015 [2004]). At the conclusion of the trial, Supreme Court awarded defendant, among other things, maintenance of $300 per week until the age of 62, one half of plaintiff's interest in a business known as Sneeringer, Monahan, Provost, Redgrave Title Agency, Inc. (hereinafter SMPR) in the amount of $152,500 and one half of the proceeds of the sale of the marital residence (13 AD3d 1015 [2004]). Thereafter, defendant moved for, among other things, an award of counsel fees. Supreme Court denied the motion, prompting this appeal.

Initially, we note that "[t]rial courts are vested with considerable flexibility and discretion when considering counsel fee applications" (*Farrell v Cleary-Farrell*, 306 AD2d 597, 600 [2003]). Indeed, the statute provides that counsel fees may be awarded to a spouse "to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]; *see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). The relative financial positions of the parties, including amounts received as a distributive award, are relevant factors to be considered in determining whether an award of counsel fees is appropriate (*see Newton v Newton*, 246 AD2d 765, 768 [1998], *lv denied* 91 NY2d 813 [1998]; *Richards v Richards*, 189 AD2d 1025, 1026 [1993]).

Here, while it is true that, following the denial of the counsel fee request, this Court modified the judgment by, among other things, eliminating the award of maintenance (13 AD3d 1015 [2004]), defendant nevertheless will receive a significant monetary distribution through his share of plaintiff's interest in SMPR and his interest in the marital residence. Supreme Court properly considered the equitable distribution award as well as other factors in making its determination. Under all the circumstances, we cannot say that Supreme Court abused its discretion in denying defendant's request for counsel fees. Furthermore, given, among other things, the parties' respective

financial circumstances, we find no reason to disturb the denial of counsel fees based upon the subsequent modification of the maintenance award.

We have examined defendant's remaining arguments and find them unpersuasive.

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.