TRACEY E. COHEN, Respondent-Appellant, v STEPHEN M. COHEN, Appellant-Respondent. [813 NYS2d 243]—

Mercure, J. (1) Cross appeals from a judgment of the Supreme Court (LaBuda, J.), entered April 5, 2005 in Sullivan County, granting, inter alia, plaintiff a divorce, upon a decision of the court, and (2) appeal from an order of said court (Meddaugh, J.), entered August 11, 2005, which, inter alia, denied defendant's motion to set aside the judgment of divorce.

The parties were married in June 1995 and have one child (born in 1997). In March 2002, plaintiff commenced this action for a divorce, and Supreme Court (Ledina, J.) granted her motion for interim child support and spousal maintenance in the amount of $4,000 per month. Thereafter, Supreme Court (Meddaugh, J.) also granted defendant's motion for partial summary judgment upholding the validity of the parties' prenuptial agreement and limiting the triable issues to child support, spousal maintenance, custody and visitation. The parties resolved all issues regarding custody and visitation by stipulation, agreeing to joint legal custody of the child, with plaintiff having physical custody. The matter proceeded to trial, at the close of which Supreme Court (LaBuda, J.) entered a judgment of divorce directing defendant to pay $2,000 in spousal maintenance per month for six years and $2,059.98 in child support per month.

Supreme Court (Meddaugh, J.) converted defendant's subsequent motion to reargue and/or renew the judgment of divorce to a motion to set aside the judgment and denied it. The parties cross-appeal from the judgment of divorce and defendant appeals from the order denying his motion to set aside the judgment.

Initially, we agree with defendant that Supreme Court erred in applying the statutory percentage to defendant's entire income without some record articulation of the court's reasoning. It is well settled that where "the court opts to apply the full child support percentage [to annual income in excess of $80,000], the court's reasoning must evidence careful consideration of the parties' circumstances and reflect a finding that departure from the statutory percentage was not warranted" (*Smith v Smith,* 1 AD3d 870, 872 [2003]; *see* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Cassano v Cassano,* 85 NY2d 649, 654-655 [1995]). Here, Supreme Court set defendant's annual income at $145,410 and, without further explanation, simply multiplied that amount by the statutory percentage (17%) to obtain a child support award in the amount of $2,059.98 per month. Further, while there may be evidence in the record to support the imputation of income to defendant beyond the widely varying accounts of his finances set forth by his expert at trial and in his sworn statements of net worth showing his annual income to be at most $85,000, Supreme Court did not delineate the sources of the income imputed to defendant or specify the amount assigned to each category. Similarly, although the court appears to have imputed income to plaintiff in ruling that she would be liable for 40% of the child's unreimbursed medical expenses and day-care costs, the court did not specify the amount of that imputed income or take it into account in determining either of the parties' basic child support obligations.

Under these circumstances, Supreme Court's decision is insufficiently detailed to permit us to evaluate defendant's claim that the award of child support is excessive and, accordingly, this matter must be remitted (*see Matter of Bianchi v Breakell,* 23 AD3d 947, 949-950 [2005]; *Matter of Kristy Helen T. v Richard F.G.,* 17 AD3d 684, 685 [2005]; *Matter of Sweedan v Baglio,* 269 AD2d 724, 726 [2000]; *see also Gubiotti v Gubiotti,* 19 AD3d 893, 894 [2005]). Upon remittal, Supreme Court should set forth in detail the amounts and sources of the parties' actual and imputed income and, if the court determines that the statutory percentage should be applied to the total combined parental income in determining child support, articulate the factors that

the court deems relevant to its determination, if that combined annual income exceeds $80,000 (*see McMillen v Miller,* 15 AD3d 814, 817 [2005]; *Matter of Sweedan v Baglio, supra* at 726). Inasmuch as Supreme Court's findings of fact regarding the parties' income lack sufficient detail to permit review of defendant's additional challenge to the court's maintenance award, the issue of durational maintenance must also be remitted for redetermination (*see Gubiotti v Gubiotti, supra* at 894). Consistent with the parties' prenuptial agreement providing that the issue of maintenance be resolved in accordance with the Domestic Relations Law, Supreme Court may consider plaintiff's alleged wasteful dissipation of marital property and funds belonging to defendant's disabled brother (*see* Domestic Relations Law § 236 [B] [6] [a] [9], [11]).

The parties' remaining arguments have either been rendered academic by our decision or, upon consideration, have been found to be lacking in merit.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment and order are modified, on the law and the facts, without costs, by reversing so much thereof as determined child support and maintenance; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.