■ JULIA WEBBER, Appellant, v JAMES WEBBER, Respondent. [817 NYS2d 417]—

Carpinello, J. Appeals (1) from that part of a judgment of the Supreme Court (Hester, Jr., J.), entered December 27, 2004 in Broome County, which, in an action for divorce, denied

plaintiff's motion for an award of counsel fees, and (2) from that part of an order of said court, entered August 11, 2005 in Broome County, which denied plaintiff's motion for counsel fees.

The sole issue on appeal is the propriety of Supreme Court's decisions denying plaintiff's applications for counsel fees in the context of both the parties' divorce action and a subsequent application for contempt. All other issues pertaining to their divorce, specifically equitable distribution of their property and spousal maintenance, were settled by the parties. After reviewing their respective net worth statements, the distributive award and the arguments made in support of the requests, plaintiff's applications were denied by Supreme Court.

Plaintiff claims that she was entitled to counsel fees in the context of the divorce action because their incomes are "widely disparate" and because defendant engaged in dilatory tactics throughout the litigation. "Trial courts are vested with considerable flexibility and discretion when considering counsel fee applications" (*Farrell v Cleary-Farrell*, 306 AD2d 597, 600 [2003] [citation omitted]; *see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881-882 [1987]; *Redgrave v Redgrave*, 22 AD3d 913, 914 [2005]), and we find no abuse of discretion here. While there is a disparity in the parties' incomes, it is not so significant, in light of all other circumstances, to mandate the award.[1] Indeed, as a result of the parties' settlement, plaintiff received a relatively sizeable distributive award, title to the parties' mutual fund, shares of certain stock, a relatively sizeable rollover from defendant's deferred savings plan, title to her business, all of the interest in her own retirement and deferred compensation plans and $500 monthly maintenance for three years. Under these circumstances, and upon being unpersuaded by her claim of dilatory tactics, we see no reason to disturb the denial of counsel fees (*see Redgrave v Redgrave, supra*; *Farrell v Cleary-Farrell, supra*; *Leabo v Leabo*, 203 AD2d 254, 256 [1994]).

Similarly unavailing is plaintiff's contention that she was also entitled to counsel fees in connection with a proceeding seeking to find defendant in contempt for failing to pay his share of unexpected medical expenses for their daughter. This matter was also settled between the parties. Notwithstanding, plaintiff claims that she is automatically entitled counsel fees under Domestic Relations Law § 237 (c) because Supreme Court "impliedly" found that defendant violated a prior court order. Defendant was not found to have willfully violated any prior order

---

1. Plaintiff is capable of earning a full-time salary of $53,000 and also owns a picture framing business. Defendant earns $97,000 per year.

(*compare Paniccia v Paniccia*, 13 AD3d 863, 864 [2004]); thus, plaintiff is simply not entitled to counsel fees under this statutory provision.[2] To the extent that Supreme Court could have awarded counsel fees under Domestic Relations Law § 238 but did not do so, again we find no abuse of discretion (*see Matwijczuk v Matwijczuk*, 290 AD2d 854, 856 [2002]; *Markhoff v Markhoff*, 225 AD2d 1000, 1002 [1996], *lv denied* 88 NY2d 807 [1996]).

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment and order are affirmed, without costs.

---

**2.** For similar reasons, plaintiff is not entitled to an award of counsel fees pursuant to Judiciary Law § 773, which permits such award for contemptuous conduct (*compare Matter of Daniels v Guntert*, 256 AD2d 940, 942 [1998]).