■ SUSAN M. SOLES, Appellant, v RICKY H. SOLES, Respondent. [837 NYS2d 762]—

Spain, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered September 8, 2005 in Ulster County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1984 and are the parents of a daughter, now age 20 and in college, and a son, now 17. Plaintiff

commenced this action for divorce in 2003 and defendant answered and counterclaimed. The parties later stipulated to a "joint" divorce and that the issues of custody and visitation would be referred to Family Court (*see* Family Ct Act § 467). At the trial in September 2004, the only witnesses called were the parties themselves, and their statements of net worth and their 2002 joint tax returns were received in evidence.

The evidence established that defendant had been earning approximately $110,000 per year as an auto body repair training supervisor with a major automobile manufacturer until he lost his job after being arrested and incarcerated, having been found to have willfully violated a Family Court order of protection in favor of his family. It appears that, over the years prior to and during the marriage, defendant was a collector and restorer of old automobiles, motorcycles and bicycles; he accumulated a large inventory in his collection, together with innumerable tools, equipment and parts. At the time of trial, defendant was reportedly earning $6,000 annually in self-employment, and plaintiff was employed as a construction supervisor earning approximately $50,000 per year.

By written decision, Supreme Court granted a judgment of divorce and equitably distributed their marital assets, resulting in a distributive award to defendant of $49,607.50, expressly conditioned on any offset by an award of child support to be determined by Family Court. Pursuant to the distribution, defendant was awarded title to numerous vehicles, motorcycles, bicycles, campers and parts constituting marital assets, while plaintiff was awarded a distributive credit of $51,442.50 representing one-half their total value. Defendant was also awarded title to additional vehicles and motorcycles each of which was acquired by defendant prior to the marriage but maintained, refurbished, stored and/or repaired after the marriage with marital funds and designated as "hybrid" assets, apparently by agreement of the parties; plaintiff was awarded $13,950 representing a one-fourth interest in their total value, which plaintiff does not challenge. Plaintiff was awarded title to the marital residence, valued—by stipulation—at $230,000, where she has resided with the children since defendant's April 2003 departure; defendant was awarded a 50% credit of $115,000 for his interest in the value of the residence, which plaintiff has not challenged. The court further determined that most of the extensive collection of tools, parts and equipment was defendant's separate property. With regard to the remaining tools and equipment that defendant conceded were marital property, the court awarded these items to him and plaintiff

was given a credit, which was fully offset by her receipt of all furnishings and jewelry located in the marital residence. The parties were each awarded their respective 401k plans, defendant retained his life insurance, and each was adjudged entitled to a *Majauskas* share in the other's pension. Plaintiff's requests for carrying costs covering the marital property, funds to run the household during the action and counsel fees were all denied. Plaintiff appeals.

To begin, plaintiff argues that Supreme Court erred in denying her request to be reimbursed for one half of the carrying costs for the marital residence and other expenses needed to run the household during the pendency of this action. We find that the court appropriately took into consideration, in denying plaintiff credit for these costs, that plaintiff had exclusive possession of the marital residence during this period, albeit by Family Court's order of protection. Also significant is Supreme Court's finding that plaintiff permitted her paramour and his two teenage children to live there part time—two to three weeks out of each month during this period—without financially contributing to household expenses (*see Chambers v Chambers*, 259 AD2d 807, 808 [1999]; *cf. Solomon v Solomon*, 307 AD2d 558, 561 [2003], *lv dismissed* 1 NY3d 546 [2003]).

With regard to plaintiff's contentions that Supreme Court erred in failing to award reimbursement (or credit) for other necessary expenses during the pendency of this action—such as food, clothing, laundry, medical and automobile expenses—no improvidence is demonstrated. Notably, during this period, plaintiff was gainfully employed and defendant had lost his substantial income. Moreover, it does not appear from this record that any application was made by plaintiff for any pendente lite maintenance or child support (*see MacKinnon v MacKinnon*, 245 AD2d 676, 678 [1997]) and plaintiff did not seek maintenance. Further, plaintiff did not testify to or submit competent documentary proof supporting the claimed expenditures or their necessity (*see Zaremba v Zaremba*, 237 AD2d 351, 352 [1997]). To the extent that these expenditures related to the support of the children, that issue was referred to Family Court where defendant's obligation relates back in time to plaintiff's original application for such relief (*see* Domestic Relations Law § 236 [B] [7] [a]; *see also Burns v Burns*, 84 NY2d 369, 377 [1994]; *Koczaja v Koczaja*, 195 AD2d 693, 693 [1993], *lv denied* 83 NY2d 756 [1994]). We cannot say that the court improvidently exercised its discretion in denying plaintiff reimbursement for part of the cost of the alleged "necessaries."

Also unavailing is plaintiff's contention that Supreme Court

erred in transferring her request for child support to Family Court. After a matrimonial action has been commenced in Supreme Court, the court, "on its own motion or on [the] motion of one of the parties," may refer an application for temporary and/or permanent child support to Family Court (Family Ct Act § 461 [c]) and, upon such referral, Family Court has jurisdiction to determine the application with the same powers possessed by Supreme Court (see NY Const, art VI, § 13 [c]; Family Ct Act § 115 [b]; see also Kagen v Kagen, 21 NY2d 532, 538 [1968]; cf. Clune v Clune, 57 AD2d 256, 257 [1977]). Although a temporary support order would have been appropriate after hearing the proof with respect to the income of the parties, we discern no abuse of discretion in referring the request for child support to Family Court. Notably, no request for temporary child support was ever made. Moreover, by subsequent order dated May 1, 2006, Ulster County Family Court ordered defendant to pay weekly child support of $225, and determined arrears at $45,665.72 (including college expenses), most of which were offset by the $49,607.50 distributive award that plaintiff owed defendant pursuant to the order on appeal. Accordingly, plaintiff's claims regarding improper transfer to Family Court are both unpersuasive and moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]).

Turning to the distribution of the parties' 401k plans, Supreme Court correctly calculated the combined value of defendant's 401k plans and life insurance at $183,069.94. The court, however, misstated the value of plaintiff's 401k plan as $185,000 (an incorrect figure derived from the error in plaintiff's statement of net worth), although the parties had stipulated at the end of the trial that the correct value was $146,875.50. While the court did not expressly state its intent to divide the 401k (or marital) assets equally (cf. Myers v Myers, 255 AD2d 711, 713 [1998]) and mindful that equal distribution is not required (see Brzuszkiewicz v Brzuszkiewicz, 28 AD3d 860, 861 [2006]; Lincourt v Lincourt, 4 AD3d 666, 666-667 [2004]), we nonetheless find merit to plaintiff's claim that the court intended the parties to equally share in the other's 401k plans and life insurance. The court sought to accomplish that objective by awarding each party their respective assets, which appeared comparable due to the $38,124.50 overstatement of plaintiff's 401k plan. Accordingly, plaintiff is entitled to a credit against defendant's distributive award of $18,097.22.[1]

We also agree with plaintiff's contention that it was inequit-

1. Value of defendant's 401k plans and his life insurance, $183,069.94, plus the value of plaintiff's 401k plan, $146,875.50, equals a total of

able to award defendant title to their 2002 Sunline camper, a marital asset agreed by both parties to be worth $20,000, while requiring plaintiff—who made the monthly loan payments during the pendency of this action—to assume the outstanding loan debt listed by plaintiff as $8,500, a figure which has not been challenged by defendant. Plaintiff is therefore entitled to an additional credit of $4,250.[2]

Finally, considering "the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]), including their relative financial circumstances, we cannot say that Supreme Court's decision to deny plaintiff's request for counsel fees constituted an abuse of its considerable discretion (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Webber v Webber*, 30 AD3d 723, 724 [2006]; *Redgrave v Redgrave*, 22 AD3d 913, 914 [2005]; *Farrell v Cleary-Farrell*, 306 AD2d 597, 600 [2003]). The trial—while a tedious and relatively unproductive exercise at the insistence of defendant—was fairly short, during which only the parties testified and no expert testimony or additional proof on value was provided.

Plaintiff's remaining contentions have been considered and do not warrant further relief.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as (1) made no equitable distribution of the 401k assets and life insurance of the parties and (2) awarded the 2002 Sunline camper to defendant with a $10,000 credit to plaintiff but required plaintiff to pay off the $8,500 balance of the loan on the camper; award plaintiff the following credits against defendant's distributive award: (1) an additional $18,097.22 thereby achieving a 50-50 split of the combined 401k and life insurance assets of the parties and (2) an additional $4,250 for plaintiff's share of the obligation to pay off the outstanding loan on the 2002 Sunline camper; and, as so modified, affirmed.

---

$329,945.44 divided by 2 equals $164,972.72—representing a 50% share of the parties' 401k and insurance assets, and $164,972.72 less plaintiff's 401k equals $18,097.22.

2. Value of camper ($20,000) less the loan balance ($8,500) equals a total equity of $11,500. Plaintiff's 50% share of the equity is $5,750 and she should be entitled to full credit for paying off the loan ($8,500), which equals $14,250, less the $10,000 credit for this item already given to plaintiff by Supreme Court, which equals a $4,250 credit to plaintiff against defendant's distributive award.