■ JOEL M. HOWARD, III, Appellant-Respondent, v MARY ANN HOWARD, Respondent-Appellant. [845 NYS2d 503]—

Mugglin, J. Cross appeals from a judgment of the Supreme Court (Drago, J.), entered August 15, 2006 in Schenectady County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

In this divorce action, by stipulation, the parties identified and valued their marital assets. After trial, Supreme Court (Assini, J.) decided the issues of equitable distribution, maintenance and counsel fees. Insofar as is relevant to this appeal, Supreme Court, in making essentially a 50/50 division of assets, ordered that defendant receive the cash surrender value ($104,565.25) of plaintiff's five whole life insurance policies, making no direction concerning the payment of this sum but apparently awarding ownership of these policies to defendant. Supreme Court did direct plaintiff to maintain two term policies—with face amounts of $125,000 and $700,000—for the benefit of defendant until all maintenance and distributive award sums were paid. Plaintiff was also ordered to pay defendant maintenance at the rate of $6,000 per month until—absent the death of either party or defendant's remarriage—December 1, 2008, retroactive to January 9, 2004, and $37,294.19 toward defendant's counsel fees of $48,787.31. Plaintiff moved for reconsideration, contending that he was to retain ownership of the five whole life policies (which have a face value of $961,248.60). Supreme Court (Drago, J.) denied the motion. After the judgment of divorce was entered, plaintiff appealed this issue and defendant cross-appealed, asserting maintenance is inadequate and that plaintiff should have been required to pay 100% of her counsel fees.

First, our review of plaintiff's testimony that he is now uninsurable and wants to retain ownership of the policies, coupled with the proposal in defendant's statement of proposed disposition that plaintiff retain ownership of these policies, clearly indicates that the parties intended that plaintiff would retain ownership. Further, as the cash surrender value of these policies is listed in the parties' stipulation of marital assets, it is these values which are subject to equitable distribution (see Dougherty v Dougherty, 256 AD2d 714, 715-716 [1998]; Miller v Miller, 150 AD2d 652, 653 [1989]). The abuse of discretion in awarding ownership of the policies to defendant is evident if plaintiff were to suddenly die, in which event defendant would receive over $961,000 more than her insurable interest (see Insurance Law § 3205 [a] [1]; [b] [2]). While it is possible to resolve this issue by surrendering the policies and paying the cash received to defendant, we are of the view that the more equitable solution under these circumstances is to increase the distributive award by $104,565.25 and direct additional payments to defendant, thus allowing plaintiff to retain ownership of the policies. When this sum is added to the approximate sums owed defendant with respect to the unpaid distributive award and maintenance at the time judgment was entered, we discern no abuse of discretion in Supreme Court directing that plaintiff maintain both term policies in full force and effect for defendant's benefit. Nevertheless, we are of the view that defendant's interest should be limited to the amount necessary to pay any unpaid maintenance or distributive award in the event of plaintiff's death (see Domestic Relations Law § 236 [B] [8] [a]; Hartog v Hartog, 85 NY2d 36, 50 [1995]).

On her cross appeal, defendant asserts that she should have received nondurational maintenance and full counsel fees. "The amount and duration of maintenance are left mainly to the trial court's discretion, as long as the court considers the statutory factors and sets forth bases for its conclusions" (Carman v Carman, 22 AD3d 1004, 1008 [2005] [citations omitted]; see Gubiotti v Gubiotti, 19 AD3d 893, 894 [2005]). This record reveals that Supreme Court, in arriving at durational maintenance of $6,000 per month, terminating at the latest on December 1, 2008, addressed all of the statutory factors, the standard of living that the parties enjoyed during their marriage and defendant's ability to contribute toward her own support. In view of the amount of equitable distribution, the separate property of defendant and her work experience and education, Supreme Court properly acted within its discretion in awarding durational maintenance (see Arnold v Arnold, 309 AD2d 1043, 1044-1045 [2003]).

With respect to counsel fees, "[t]rial courts are vested with

considerable flexibility and discretion when considering counsel fee applications" (*Farrell v Cleary-Farrell*, 306 AD2d 597, 600 [2003]; *accord Webber v Webber*, 30 AD3d 723, 724 [2006]). Relevant factors for a court to consider, when determining an award of counsel fees, are the financial circumstances of the parties, including distributive awards, the extent of the legal services provided and the complexity of the case (*see Redgrave v Redgrave*, 22 AD3d 913, 914 [2005]; *Farrell v Cleary-Farrell*, 306 AD2d at 600). In our view, particularly since the issues that remained for trial were not overly complex, Supreme Court properly considered each of the relevant factors in arriving at its decision with respect to defendant's application for counsel fees (*see Soles v Soles*, 41 AD3d 904, 908 [2007]; *Webber v Webber*, 30 AD3d at 724).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as awarded ownership of plaintiff's five whole life policies and their cash surrender value to defendant; plaintiff is to retain said whole life insurance policies as his assets, plaintiff is directed to pay defendant the sum of $104,565.25 no later than December 1, 2008, with interest at the statutory rate from August 7, 2006, and plaintiff is to continue to pay the premiums for Northwestern Mutual Policy Nos. 3807 and 3502 and to name defendant as the beneficiary thereof to the extent necessary to secure defendant's declining interest in the amounts of maintenance and the distributive award remaining unpaid; and, as so modified, affirmed.