JEFFREY K. BLAY, Appellant, v TINA BLAY, Respondent. [857 NYS2d 784]—

Kane, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered February 12, 2007 in Albany County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court, and (2) from an order of said court, entered April 10, 2007, which granted defendant's application for counsel fees.

The parties were married in June 1992 and have three children. In 1978, plaintiff and his brother established a partnership which performed landscaping and snow removal services. The brothers each held a 50% interest in the partnership. In

1989, plaintiff and his brother purchased a 16-acre parcel of real estate. Plaintiff renovated the house on the property. This house, which later became the marital residence, was further improved during the marriage. Also during the marriage, a karate studio was built on the property, from which the parties taught karate classes.

Shortly after defendant informed plaintiff that she was unhappy with their relationship, plaintiff and his brother dissolved the partnership, formed a corporation in which the brother was the sole shareholder, formed a limited partnership and transferred most of the partnership's assets to the limited partnership, including the land, marital residence and karate studio. The corporation was the general partner in the limited partnership with a 1% interest, plaintiff was a limited partner with a 12.75% interest and his brother was a limited partner with an 86.25% interest. According to plaintiff and his brother, the reorganization was undertaken to protect the partnership's assets and to provide the brother with his fair share of the partnership's value, as he had allegedly contributed all of the initial capital and drew only $50 per week from the business while plaintiff drew $350 per week. Plaintiff never informed defendant of this reorganization, or that he transferred the real property out of his own name.

In May 2005, plaintiff commenced this divorce action. Following a trial, Supreme Court rendered judgment granting a divorce to plaintiff, equitably distributing the marital assets, awarding maintenance to defendant and granting plaintiff sole legal custody of the children. Defendant filed an application for counsel fees, which was partially granted. Plaintiff appeals from both the judgment and the order awarding counsel fees.

Supreme Court did not err in awarding defendant portions of the real estate originally owned by plaintiff and his brother. The court found, under the circumstances, that the partnership dissolution and creation of the new business structure was invalid for purposes of equitable distribution, concocted as a sham to deprive defendant of her interest in marital assets. The court further found that the mortgage payments on the property, and money to improve the house and build the karate studio, came from partnership funds earned during the marriage, not from plaintiff's brother individually. As plaintiff was a half owner of the partnership, the mortgage was deemed paid with marital funds. Additionally, the marital residence was improved during the marriage through the addition of a basement bedroom and laundry room, new flooring and remodeling in the kitchen, installation of a hot tub and erection of an outdoor deck, presum-

ably with marital funds (*see Dashnaw v Dashnaw*, 11 AD3d 732, 733 [2004]; *Cassara v Cassara*, 1 AD3d 817, 818-819 [2003]; *Carr v Carr*, 291 AD2d 672, 676 [2002]). Thus, the court properly awarded defendant half the value of plaintiff's one-half interest in the property, after deducting the nonmarital percentage attributable to mortgage payments made prior to the marriage.

Similarly, based upon Supreme Court's finding that the corporate reorganization was invalid as to equitable distribution and considering plaintiff's one-half ownership of the business, the court did not err in awarding defendant half of plaintiff's interest in the corporation's bank accounts. We correct a mathematical error and award defendant $24,576.74 as her share of those accounts.

Defendant was entitled to distribution of the value of the GMC Jimmy vehicle that plaintiff purchased during the marriage. Despite plaintiff's testimony that he purchased the vehicle as a gift for defendant's daughter who resided with him, he purchased it with marital funds and maintained title to it. Although plaintiff testified and provided documentary proof that a 1994 Ford Taurus was titled to his brother, partnership documents listed that vehicle as a partnership asset and plaintiff apparently used the vehicle regularly. Considering the way that plaintiff and his brother loosely adhered to the corporate form, we find no error in Supreme Court's determination to deem this vehicle marital property in plaintiff's possession.

Supreme Court incorrectly distributed plaintiff's retirement assets. There is no proof that plaintiff or the partnership contributed to plaintiff's IRA account after the marriage. Any passive increase in value to this separate property was also separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [1], [3]; *Price v Price*, 69 NY2d 8, 18 [1986]; *Shen v Shen*, 21 AD3d 1078, 1079-1080 [2005]; *Lawson v Lawson*, 288 AD2d 795, 796 [2001]). The court found that the partnership contributed to a Keogh retirement plan during the marriage, making part of the accrued value in that plan marital property. The court also held that the plan was established to benefit both plaintiff and his brother, yet awarded defendant half of the accrued value as if the entire plan was established to benefit plaintiff alone. Accordingly, we reduce defendant's portion of the Keogh plan to $7,196.72 and award her no portion of plaintiff's IRA account.

The award of $300 weekly maintenance to defendant for seven years was excessive. The amount and duration of maintenance are generally left to the trial court's discretion as long as the court considers the statutory factors and provides a basis for its

conclusion (*see* Domestic Relations Law § 236 [B] [6] [a], [b]; *Fosdick v Fosdick*, 46 AD3d 1138, 1140 [2007]; *Carman v Carman*, 22 AD3d 1004, 1008 [2005]). Here, the court appropriately exercised its discretion in imputing income to plaintiff as a result of his failure to disclose all of the business's tax documents, which failure made it impossible to determine whether claimed expenses were legitimate or whether any additional business income existed. The court also imputed income to plaintiff based upon money he received from family members, free rent for the home and karate studio, the numerous personal bills paid by the partnership or corporation and year-end business distributions made to family members. While we agree that imputation of income was appropriate, the amount imputed was incorrect. One-time gifts or alleged loans from family members should not have been calculated as part of plaintiff's annual income. The court's figures also contained a mathematical error and double counted some items. Thus, we reduce the amount of imputed income to $65,000, giving plaintiff a total annual income of $83,200 when including his $350 weekly draw. The parties were married for 13 years at the time of commencement of the action and were in good health. During the marriage, plaintiff, who has a 10th grade education, worked in the family business. Defendant stayed home with the children during their formative years and did not begin working outside the home until the children were all in school. At the time of trial, defendant, who is a high school graduate, earned an annual salary of approximately $25,000. She had been working at least part time since 1998 and did not present any proof that she intended to pursue training to increase her skills, or that she lost out on any particular employment opportunities. The parties never lived an extravagant lifestyle, and both lived modestly after separating. While plaintiff's income is considerably higher than defendant's, he is supporting their three children and defendant's daughter without receiving any child support.* Under the circumstances, a maintenance award of $200 per week for two years from the date of judgment is appropriate. A retroactive award was required because maintenance shall be awarded from the date of application (*see* Domestic Relations Law § 236 [B] [6] [a]); that award should also be in the amount of $200 per week.

Supreme Court should not have ordered plaintiff to maintain a $100,000 life insurance policy and at the same time distribute the marital portion of the cash surrender value of that policy.

---

* Plaintiff specifically advised this Court that he was not challenging the child support aspect of the judgment on appeal.

The court was authorized, in its discretion, to direct plaintiff to pay the premiums and keep the life insurance policy in effect for defendant's benefit until his maintenance obligation is satisfied (*see* Domestic Relations Law § 236 [B] [8] [a]; *Holterman v Holterman*, 307 AD2d 442, 443 [2003], *affd* 3 NY3d 1 [2004]). The proof supported a determination that a portion of the policy, paid for during the marriage by the business that plaintiff half owned, was marital property subject to equitable distribution. By ordering immediate distribution of the cash surrender value, however, the court was essentially requiring liquidation of that asset at the same time it ordered that the asset be maintained in its present form. Based upon our reduction of the length of the maintenance award, plaintiff's current maintenance obligation is substantially satisfied. Accordingly, we remove the requirement that he maintain the life insurance policy for defendant's benefit, but affirm the court's direction to distribute the marital portion of the policy's cash surrender value.

Supreme Court did not abuse its discretion in awarding counsel fees to defendant, but we reduce the amount of the fee awarded (*see* Domestic Relations Law § 237 [a]). Some factors to consider include the extent of legal services provided, the complexity of the case and the parties' financial circumstances, taking into account any distributive awards (*see Howard v Howard*, 45 AD3d 944, 946 [2007]; *Redgrave v Redgrave*, 22 AD3d 913, 914 [2005]). Considering the income imputed to plaintiff, he is in a better financial position than defendant, but he is also supporting the children without assistance from defendant. Distributive awards to defendant totaled approximately $100,000, many of which plaintiff must pay from nonliquid assets. The counsel fees were partially based upon additional work required to sort out the confusing financial arrangements created by plaintiff and his family business, plaintiff's failure to advise defendant of the business restructuring and the failure to turn over complete financial documents in response to demands (*see Yarinsky v Yarinsky*, 25 AD3d 1042, 1043 [2006]). The court parsed counsel's billing statements, deleting items deemed excessive, and awarded plaintiff $24,741.50 (*see Matter of Buono v Fantacone*, 252 AD2d 917, 919 [1998]). The complexity of the case due to the confusing financial situation made an award of counsel fees to defendant appropriate but, when considering the parties' financial circumstances as a whole, we reduce the award to $15,000.

Peters, J.P., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by (1) vacating the award to defendant of

$1,123.61 for her interest in plaintiff's IRA account, (2) increasing defendant's share of the corporation's bank accounts to $24,576.74, (3) reducing defendant's interest in plaintiff's Keogh retirement account from $14,393.44 to $7,196.72, (4) awarding defendant maintenance in the amount of $200 per week both retroactive to the commencement of the action and for two years from the date of judgment, and (5) removing the requirement that plaintiff maintain the life insurance policy for defendant's benefit, and, as so modified, affirmed. Ordered that the order is modified, on the facts, without costs, by reducing the award of counsel fees to defendant to $15,000, and, as so modified, affirmed.