Prokopov v Doskotch (2018 NY Slip Op 08210)





Prokopov v Doskotch


2018 NY Slip Op 08210


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

524357

[*1]OLENA PROKOPOV, Plaintiff,
v
ANDREI DOSKOTCH, Appellant.

Calendar Date: October 17, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Kiel Van Horn, Port Jervis, for appellant.
Marcia Heller, Rock Hill, attorney for the children.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an amended judgment of the Supreme Court (McGuire, J.), entered December 14, 2015 in Sullivan County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in January 2002 and are the parents of two children (born in 2002 and 2009). The wife commenced this divorce action in February 2013 and, following a six-day trial spanning over two months, Supreme Court granted the wife a judgment of divorce, awarded the parties joint legal custody, with primary physical custody to the wife and parenting time to the husband, and equitably distributed the marital property. The husband appeals, raising only issues of equitable distribution.[FN1]
The husband contends that Supreme Court erred by characterizing certain rental property as a marital asset. He maintains that the property was separate property, acquired by his mother and gifted to him. The characterization of property as either marital or separate presents a question of law (see Fields v Fields, 15 NY3d 158, 161 [2010]). Marital property embraces "all property acquired by either or both spouses during the marriage" (Domestic Relations Law § 236 [B] [1] [c]), while separate property includes "property acquired before marriage or property acquired by . . . gift" (Domestic Relations Law § 236 [B] [1] [d] [1]; see Ceravolo v DeSantis, 125 AD3d 113, 115 [2015]). The record shows that the subject property was acquired in June 2008, with deed title taken by the husband's mother, who, in turn, deeded the property to the husband in August 2008. In September 2012, the husband deeded the property back to his mother. The record further shows that the husband made a $1,000 down payment to acquire the property and provided a $50,504.49 bank check to pay the balance due at closing. He explained that his mother provided the funds used to purchase the property, pointing to a joint fund that he had with his mother from which the sum of $58,314 had been withdrawn in January 2007 and [*2]deposited into his account pending the closing. The husband denied ever having access to or depositing any money into the joint fund. In contrast, the wife testified that the purchase funds came from the husband's salary, and asserted that the husband's mother had no income to place in the joint fund. She further testified that the husband personally performed substantial renovations on the property, collected the rents and used the funds to pay marital expenses.
Although Supreme Court erred in reciting the deed sequence in its decision, the court found that the husband's explanation as to his mother's interest in the property lacked credibility, and we defer to that assessment. There was a substantial withdrawal from the joint fund, but no showing was made as to the actual source of funds deposited into that account, which was opened in August 2005. It is also telling that, shortly after the wife informed the husband that she had consulted an attorney about a divorce, he transferred the property back to his mother. His explanation for doing so — to avoid arguments at home — was simply implausible. We conclude that the record evidence supports the court's determination to distribute the rental property as a marital asset.
The husband further maintains that Supreme Court failed to consider key factors in rendering its equitable distribution award, including the husband's improvements to the marital residence, the wife's pharmacy degree from the Ukraine and the husband's physical injury during the divorce proceedings. We are not persuaded. A trial court has substantial discretion in fashioning an equitable distribution award, taking due account of the requisite statutory factors (see Domestic Relations Law § 236 [B] [5]; Roma v Roma, 140 AD3d 1242, 1243 [2016]; Vertucci v Vertucci, 103 AD3d 999, 1001 [2013]). Equitable distribution does not require a 50-50 distribution (see Vertucci v Vertucci, 103 AD3d at 1001). The court awarded the marital residence, which it valued at $85,552, to the wife, and the rental property, which it valued at $140,000, to the husband. The court also awarded the wife $36,961.50 as her interest in the rental property. The husband contends that the court's valuation failed to account for the improvements made to the marital residence, including the construction of a stand-alone garage where the husband performed auto repairs. The record shows otherwise, and includes an appraisal valuing the marital residence at $130,000 with the garage improvement and $115,000 without the garage improvement. In computing the value, the court utilized the full appraisal value of $130,000 less the outstanding mortgage debt to yield a net value of $85,552, which it treated as marital property. The anomaly here is that the court erred in treating the residence entirely as a marital asset. Because the wife acquired the residence for approximately $85,000 prior to the marriage and retained title, the residence remained her separate property (see Ceravolo v DeSantis, 125 AD3d at 115). That said, improvements made with marital funds and a corresponding increase in value would qualify as a marital asset (id. at 117; Keil v Keil, 85 AD3d 1233, 1235 [2011]). It is evident here that the court erroneously factored in far more than the value of the improvements in its award, and we certainly perceive no unfairness to the husband in the resulting distribution.
The wife's pharmacy license was obtained prior to the marriage and is thus separate property (see Ball v Ball, 150 AD3d 1566, 1572 [2017]). It is also undisputed that she is not licensed as a pharmacist in this country and, at the time of trial, was enrolled in college pursuing a degree as a nurse practitioner. Supreme Court took note of the husband's thumb injury, which he claimed was disabling, and awarded him the rental property, which provides a source of income. By his own testimony, the husband acknowledged that if he was awarded the garage, he would resume working as an auto mechanic. Consequently, insofar as the husband is concerned, we perceive no basis to disturb the equitable distribution award.
Garry, P.J., McCarthy, Aarons and Rumsey, JJ., concur.
ORDERED that the amended judgment is affirmed, without costs.



Footnotes

Footnote 1: The wife did not file a responding brief.