OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
As found by Trial Term and affirmed by the Appellate Division, approximately one year after their marriage, plaintiff wife and defendant husband in May 1979 purchased a cooperative apartment on East 72nd Street in Manhattan. The entire purchase price — $182,000—was paid from money in plaintiff’s account in a German bank, which she had opened prior to marriage with a $200,000 gift from her father. Before and after the purchase, the parties agreed that defendant would transfer all of his right, title and interest in the apartment to plaintiff upon her request. The stock certificate representing ownership of the apartment was registered in the names of both spouses to satisfy income requirements of the cooperative. However, on May 4, 1979, defendant signed a statement confirming that the apartment was paid for by plaintiff, and that upon plaintiff’s request he would transfer his rights in it to her. In June 1982, defendant moved out of the apartment, having committed various cruel and inhuman acts which endangered plaintiff’s physical and mental well-being, rendering it unsafe and improper for her to continue living with him. Prior and subsequent to moving out, defendant refused and neglected to provide for the support of plaintiff. On a number of occasions, plaintiff requested that he endorse to her the stock certificate representing ownership of the apartment, but defendant refused. Financial statements of both parties were before the trial court. Defendant acknowledges that he is (and was at the time of the marriage) owner *881 of a home in Darien, Connecticut, as his financial statement revealed.
Following trial of plaintiff’s action for divorce and related relief, judgment was granted dissolving the marriage. Relying on Kobylack v Kobylack (110 Misc 2d 402, mod 96 AD2d 831, revd 62 NY2d 399) and Barnes v Barnes (106 AD2d 535), which the trial court found closely akin to the facts of this case, the court declined to award defendant any equitable share in the apartment, and additionally ordered defendant to pay $10,000 in counsel fees and $24,591.31 for "legal necessities” consisting of apartment maintenance fees and utilities. The Appellate Division affirmed. Before us defendant now urges that the courts below erred in three respects — first, in failing to grant him a share of the appreciated value of the apartment; second, in awarding plaintiff counsel fees; and third, in compelling him to reimburse plaintiff for her expenditures for apartment maintenance and utilities. Based on this record and the affirmed findings that defendant’s contributions were minimal or nonexistent, we conclude that it was not an abuse of discretion for the trial court to deny defendant any share in the appreciated value of the apartment. We need not reach defendant’s contention that in some manner the appreciation became marital property.
Nor can it be said that there was an abuse of discretion in awarding counsel fees to plaintiff without a showing that she was in need. Pursuant to Domestic Relations Law § 237 (a), a court in a divorce action may award counsel fees to a spouse "to enable that spouse to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and the respective parties.” Section 237 replaced section 1169 of the Civil Practice Act, and — significantly—omitted the word "necessary” which had preceded the phrase "to enable the wife to carry on or defend the action.” This omission left the courts with flexibility when considering applications for counsel fees (see, Report on Joint Legislative Comm on Matrimonial & Family Laws, 1961 NY Legis Doc No. 19, at 80-83, 98; Rothenberg, Matrimonial Allowances in New York § 30, at 51 [1976 Supp]). Indigency is not a prerequisite to an award of counsel fees (see, Walsh v Walsh, 92 AD2d 345). Rather, in exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties’ positions. By like *882 token, the trial court’s discretionary award to plaintiff of reimbursement for apartment maintenance and utilities may not be disturbed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.