■ DANIEL SAND et al., Plaintiffs v ELIZABETH F. LAMMERS, Appellant. DEROK WOLMAN, Nonparty Respondent.—In an action for specific performance of a contract for the sale of

real property, the defendant appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated October 6, 1987, as granted her former attorney's cross motion for an award of counsel fees in the amount of $6,693.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing to determine the amount of compensation due to the appellant's former attorney.

The burden of proof was upon the respondent, the appellant's former attorney, to establish the necessity for and the reasonable value of the services rendered (see, Matter of Potts, 213 App Div 59, 61, affd 241 NY 593). The papers submitted in support of the respondent's cross motion failed to include evidence as to the difficulty of the questions involved, the skill required to handle the case, specifics as to the time and labor required, the respondent's experience, ability and reputation, and the customary fee charged for similar services (see, Matter of Schaich, 55 AD2d 914, lv denied 42 NY2d 802; Matter of Freeman, 40 AD2d 397, affd 34 NY2d 1, 9; Matter of Potts, supra, at 62).

Absent such proof, the record was insufficient for the court to determine the amount of counsel fees based upon a proper consideration of all of the relevant factors (see, Teichner v W & J Holsteins, 64 NY2d 977, 979; Matter of Ury, 108 AD2d 816; Reisch & Klar v Sadofsky, 78 AD2d 517). Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.