■ AUDREY JONES, Respondent, v ROMEO JONES, Appellant. —In an action for a divorce and ancillary relief in which the parties were divorced by judgment dated November 20, 1989, the defendant husband appeals from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated February 23, 1990, as ordered the parties to conduct a closing on 294 East 45th Street, Brooklyn, transferring the property to the sole ownership of the plaintiff wife.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and the appellant's time to transfer his interest in the property known as 294 East 45th Street, Brooklyn, to the plaintiff is extended to 30 days after service upon him of a copy of this decision and order, with notice of entry.

In its decision with respect to equitable distribution of the parties' property, the court stated that a certain piece of property owned by the parties, 294 East 45th Street, Brooklyn, was to be sold (Jones v Jones, 144 Misc 2d 295, 306). The court stated: "The parties shall equally divide the net proceeds of the sale of the property thereby permitting each to have sizable liquid assets in addition to the other nonliquid property. However, in light of the fact that both parties seek to retain this property both shall have the right of first refusal as against any bona fide purchaser" (Jones v Jones, supra, at 306).

Before the parties submitted the judgment of divorce to the court for signature, the husband found a buyer for the property, and the wife exercised her right of first refusal. The husband thereafter refused to convey his interest in the property to the wife. Subsequently, the judgment was signed, and the wife moved to compel the husband to transfer his interest in the property to her. The husband claims that the wife could not validly exercise her right of first refusal before the judgment was signed. We find the husband's argument to

be disingenuous. It was he who, in reliance upon the court's decision, obtained a buyer for the property. Now, apparently unsatisfied with the price obtained from that buyer, and faced with prospective buyers who might pay more for the property, he seeks to disavow his earlier offer on the basis of a technicality he himself disregarded. We cannot countenance such a result, and find that he is estopped from asserting such a claim. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.