■ ROCHELLE ZEITLIN, Respondent, v EDWARD ZEITLIN, Appellant. (Action No. 1.) BERNARD ZEITLIN, Plaintiff, v EDWARD ZEITLIN et al., Defendants. (Action No. 2.) [651 NYS2d 869] —In related actions (1) for a divorce and ancillary relief, and (2) to

partition real property, Edward Zeitlin appeals from so much of a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered February 2, 1996, as is in favor of Rochelle Zeitlin and against him in the sum of $62,676, as and for her counsel fees in Action No. 1.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a *de novo* determination in accordance herewith of the amount of counsel fees Edward Zeitlin is to pay Rochelle Zeitlin and for entry of an appropriate amended judgment.

The parties entered into a stipulation of settlement on August 24, 1995, regarding, among other things, Rochelle Zeitlin's request for counsel fees in the divorce action. Pursuant to the stipulation, the parties agreed to waive a hearing and to proceed solely on the basis of affidavits. On appeal the appellant contends that the Supreme Court erred when, following the submission of affidavits by the parties' attorneys, it solicited additional evidence from Mrs. Zeitlin's attorney and thereafter entered a judgment awarding full counsel fees to her without affording the appellant an opportunity to respond to the newly submitted evidence. We agree. Accordingly, the matter is remitted so as to afford the appellant an opportunity to review and respond to the new evidence submitted by Mrs. Zeitlin. Thereafter, upon consideration of any new material, the award of counsel fees lies in the discretion of the court *(see,* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

The appellant's remaining contentions are without merit. Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.