■ CENTRE GREAT NECK Co., Respondent, v PENN ENCORE, INC., Appellants. [680 NYS2d 866] —In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated September 25, 1997, as granted that branch of the plaintiff's motion which was for partial summary judgment for attorney's fees in the amount of $7,500.

Ordered that the appeal of Penn Encore, Inc., is held in abeyance pending the disposition of the bankruptcy proceedings initiated by it; and it is further,

Ordered that the order is reversed insofar as appealed from by the appellant Rite Aid Corporation, on the law, with costs, and that branch of the plaintiff's motion which was for partial summary judgment for attorney's fees is denied.

The burden of proof was upon the plaintiff to establish the necessity for and the reasonable value of the legal services rendered. The papers submitted in support of the plaintiff's motion for partial summary judgment failed to include evidence as to the difficulty of the questions involved, the skill required to handle the case, the attorney's experience, ability, and reputation, and the customary fee charged for similar services (*see, Sand v Lammers,* 150 AD2d 355).

Absent such proof, the record was insufficient for the court to determine the amount of attorney's fees due the plaintiff based upon a proper consideration of all of the relevant factors (*see, Matter of McGovern v Koch,* 211 AD2d 682; *Matter of Ury,* 108 AD2d 816). Accordingly, that branch of the plaintiff's motion which was for partial summary judgment for attorney's fees should have been denied. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.