■ CENTRE GREAT NECK Co., Respondent, v PENN ENCORE, INC., Defendant, and RITE AID CORPORATION, Appellant. [715 NYS2d 910] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Rite Aid Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated December 21, 1999, as granted that branch of the plaintiff's motion which was for partial summary judgment on the second cause of action seeking an award of an attorney's fee to the extent of awarding an attorney's fee in the sum of $5,000.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination after a hearing on that branch of the motion which was for partial summary judgment on the second cause of action seeking an award of an attorney's fee.

The plaintiff failed to establish, *inter alia,* the necessity for, the nature and extent of, and the reasonable value of the legal services rendered by its attorney (*see, Chase Manhattan Bank v Bekerus,* 276 AD2d 461; *Centre Great Neck Co. v Penn Encore,* 255 AD2d 543; *Granada Condominium I v Morris,* 225 AD2d 520; *Matter of McGovern v Koch,* 211 AD2d 682; *Sand v Lammers,* 150 AD2d 355). Given the challenges raised by the defendant Rite Aid Corporation, the affirmation of counsel alone is insufficient, and the reasonable amount and nature of the claimed services must be established at an adversarial hearing

(*see, Matter of Rogers v Rogers,* 161 AD2d 766; *Matter of Joan Marie D. v Harold G.,* 155 AD2d 457; *Sand v Lammers, supra*). Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.