■ VICKY D. ROCKITTER, Respondent, v KEVIN E. ROCKITTER, Appellant. [722 NYS2d 399] —In a matrimonial action in which the parties were divorced by judgment dated September 22, 1992, the former husband appeals from an order of the Supreme Court, Nassau County (Shifrin, J.H.O.), dated December 14, 1999, which granted the application of the former wife for an award of an attorney's fee to the extent of directing him to pay the sum of $27,500 to the former wife and an additional total sum of $14,050 to her present and former attorneys.

■ VICKY D. ROCKITTER, Respondent, v KEVIN E. ROCKITTER, Appellant. [722 NYS2d 399] —In a matrimonial action in which the parties were divorced by judgment dated September 22, 1992, the former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated April 11, 2000, as, *sua sponte,* directed him to comply with an order of the same court dated December 14,

1999, awarding the former wife an attorney's fee in connection with her application for an upward modification of child support.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in awarding an attorney's fee in this case (*see, Vicinanzo v Vicinanzo,* 193 AD2d 962, 966). The evaluation of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Supreme Court (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Vicinanzo v Vicinanzo, supra*). Contrary to the appellant's contention, the amount awarded was not excessive.

The appellant's contention that he was deprived of due process is without merit. Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.