■ LORI N. GRALNICK, Appellant, v ALEXANDER BERGIER, Respondent. [728 NYS2d 708] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated April 12, 2000, which, after a hearing, awarded her an attorney's fee in the sum of only $5,000.

Ordered that the order is affirmed, without costs or disbursements.

A court may award an attorney's fee in a divorce action "to enable [a] spouse to carry on or defend the action or proceedings as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]; *see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881). In exercising its discretion, a court is to consider the financial circumstances of the parties and the merits of the parties' positions (*see, DeCabrera v Cabrera-Rosete, supra,* at 881).

Contrary to the plaintiff's contention, the Supreme Court properly exercised its discretion in determining the amount of the attorney's fee awarded to her in light of her counsel's skill, experience, and the time he spent on the case, as well as the nature of the services rendered, and the difficulty of the issues involved (*see, Pauk v Pauk,* 232 AD2d 386, 391). S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.