■ JOLANTA OSTROWSKA, Respondent, v BOGDAN OSTROWSKI, Appellant. [873 NYS2d 663]—In a matrimonial action in which the parties were divorced by judgment dated September 20, 2006, the defendant former husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Prus, J.), dated April 16, 2007, as granted that branch of the motion of the plaintiff former wife which was for permission to exercise her right of first refusal to purchase the defendant's interest in the marital residence which was granted to her in a prior order of the same court dated October 20, 2006, and denied his cross motion, inter alia, to disqualify the plaintiff's counsel, (2) stated portions of an order of the same court dated July 3, 2007, which, after a hearing, inter alia, directed him to pay to the plaintiff an attorney's fee in the amount of $3,500.

Ordered that the orders dated April 16, 2007 and July 3, 2007 are affirmed insofar as appealed from, with one bill of costs.

In an order dated October 20, 2006 the Supreme Court directed that the marital residence be offered for sale through a named real estate broker, and granted the plaintiff the right of first refusal upon the presentation of a bona fide offer. No appeal was taken from that order. Accordingly, the question of whether the plaintiff should have been granted a right of first refusal is not reviewable on the instant appeal (*see Cardinal Holdings v Chandre Corp.*, 302 AD2d 550 [2003]).

Thereafter, the named real estate broker received an offer in

the sum of $470,000 and recommended acceptance of that offer based upon "current market conditions." Under the circumstances, the Supreme Court properly granted the plaintiff permission to purchase the property for $470,000 (*see Jones v Jones*, 182 AD2d 674 [1992]; *cf. Opperisano v Opperisano*, 35 AD3d 686 [2006]).

Furthermore, the Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $3,500 as an attorney's fee (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]).

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Balkin and Chambers, JJ., concur.