■ NICHOLAS MOCCIA, Respondent, v JACQUELINE MOCCIA, Defendant. ERIC OLE THORSEN, Nonparty Appellant. [918 NYS2d 802]—

The defendant wife in this divorce action was unable to afford counsel. The Supreme Court assigned the nonparty appellant, Eric Ole Thorson (hereinafter the appellant), to represent the wife without compensation from her, "without prejudice to [a] motion by counsel for compensation pursuant to CPLR 1102 (d), Domestic Relations Law Section 237, Judiciary Law Section 35 or as otherwise provided by law." The parties engaged in discovery, prepared for trial, and successfully negotiated a settlement agreement. The Supreme Court denied the appellant's motion for an award of an attorney's fee to be paid by the plaintiff husband. We affirm.

A court may award an attorney's fee in a divorce action to a spouse "to enable [that spouse] to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]; *see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]).

Here, while the husband's income from the Yonkers Parking Authority was greater than the wife's income, his earnings were nevertheless modest and they were expended, in large part, on the wife and their children, as he paid, among other things, the mortgage and home equity loan, plus utilities on the marital home. In this regard, the Supreme Court properly considered the terms of the parties' settlement agreement and statements

of net worth, which reflected the husband's income and expenses, limited assets, outstanding mortgage, the absence of savings, and debt to his own counsel, in determining that the parties' financial circumstances were "not that disparate so as to warrant an award of counsel fees." While we commend any attorney who, as here, agrees to accept a litigation assignment with no guarantee of compensation, the denial of an award of an attorney's fee in this case was not an improvident exercise of the Supreme Court's discretion. Dillon, J.P., Leventhal and Cohen, JJ., concur.

Austin, J., dissents and votes to reverse the order appealed from, with the following memorandum in which Belen, J., concurs: Based upon the disparity of income of the parties, I believe that it was an improvident exercise of discretion for the Supreme Court to deny the wife's assigned counsel's motion for an award of an attorney's fee without a hearing.

The standard for awarding an attorney's fee in a divorce action is well established (*see e.g. Sand v Lammers*, 150 AD2d 355 [1989]). In determining a counsel fee award, the trial court must consider factors such as "the difficulty of the questions involved, the skill required to handle the case, specifics as to the time and labor required, the [attorney's] experience, ability and reputation, and the customary fee charged for similar services" (*id.* at 356; *see generally Matter of Ury*, 108 AD2d 816 [1985]; *Matter of Potts*, 241 NY 593 [1925], *affg* 213 App Div 59 [1925]). In addition, the financial circumstances of the parties and the merit of their positions must be considered (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881-882 [1987]).

It is noted that the standard applicable to appellant counsel's motion for an attorney's fee under Domestic Relations Law § 237 (a) was amended as of October 12, 2010, after the instant motion was decided. Under the recent amendment to Domestic Relations Law § 237 (a), the motion would have been subject to a rebuttable presumption in the wife's favor as the "less monied spouse."

While the majority correctly notes that the separation agreement negotiated by the wife's assigned counsel affords certain short-term financial support for the wife, the overall benefit afforded to her through equitable distribution and maintenance should not be summarily ignored.

In viewing the totality of the services rendered and the benefits achieved, the wife's assigned counsel should have had the opportunity to be heard (*see Pfluger v Pfluger*, 35 AD3d 828 [2006]; *Price v Price*, 113 AD2d 299, 309 [1985], *affd* 69 NY2d 8 [1986]). This is especially true when it is remembered that the

income of the parties is disparate with the husband making $73,198 per annum or 85% of the family income, while the wife is limited to disability income of a little more than $13,000 per year (see e.g. *Peritore v Peritore*, 50 AD3d 874 [2008] [counsel fees were found to be appropriate based upon the disparity of the husband's income totaling 87% of the family income to the wife's 13%]). Current payments and the distributive award are factors to be considered on making a counsel fee award (see *Maher v Maher*, 196 AD2d 530, 532 [1993] ["Given the great disparity between the incomes of the parties, the (counsel fee) award should have been greater. That the wife had received a substantial distribution from the marital property does not preclude a significant award of attorneys' fees"]; see also *Raynor v Raynor*, 68 AD3d 835, 839 [2009]).

Finally, even though the wife's assigned counsel could not, under the terms of the September 16, 2008, order of assignment, seek an attorney's fee from her, the separation agreement executed by the husband contemplated a motion for an attorney's fee being made by the wife's assigned counsel. In opposition to the motion, the husband argues that his expenses under the terms of the separation agreement and the monies he owes his attorneys preclude an award of an attorney's fee to the wife's assigned counsel. Such opposition, standing alone, is insufficient to warrant a denial of the motion without a hearing. Certainly, the wife's assigned counsel, who is recognized for his willingness to step into this case at the Supreme Court's behest, should not be turned away without a hearing to determine what, if any, attorney's fee is appropriate under the circumstances.

Accordingly, I vote to reverse the Supreme Court's order denying the motion of the wife's assigned counsel for an award of an attorney's fee to be paid by the husband and to remit the matter to the Supreme Court, Rockland County, for a hearing to appropriately weigh the factors set forth in *DeCabrera* and *Sand*.