*388 OPINION OF THE COURT
Daniel Palmieri, J.
The motion of defendant wife for an award of legal fees pursuant to Domestic Relations Law § 237 (a) is granted only to the extent that an evidentiary hearing is necessary to determine if or in what amounts legal fees should be awarded.
Following a multiday trial, the parties agreed that the court could consider defendant’s legal fee application on submitted papers and this motion ensued. (Redgrave v Redgrave, 304 AD2d 1062, 1066 [3d Dept 2003]; Osborn v Osborn, 144 AD2d 350 [2d Dept 1988]; cf. Hill v Hill, 74 AD3d 1891 [2d Dept 2010].)
The trial in this action was held on consecutive days in April to May 2011 and the court delivered its oral decision on the record at its conclusion. Thereafter, by agreement, the defendant wife submitted this application for legal fees.
Defendant requests that the plaintiff pay the four different law firms that she engaged for this action nearly $135,000.
The trial was conducted by Jeffrey F. Pam, Esq., who was retained in March 2011, shortly before the trial commenced, and who represents defendant on this application.
Before retaining attorney Pam, defendant engaged Tabat, Blum & Yovino, PC. (Tabat) from January 2009 to April 2010 for whom she seeks $17,000, Kirschenbaum & Kirschenbaum, PC. (K & K) from April 2010 to October 2010, for whom she seeks $51,769.50 and Fass & Greenberg, LLP (F & G) from October 2010 to March 2011, for whom she seeks $21,847.37. There is a factual issue as to whether defendant paid K & K $10,000 by way of plaintiffs American Express account but she does aver that she negotiated a $10,000 credit on the K & K bill which is reflected in the amount she seeks.
Finally, as noted, the trial was conducted by Pam, who also successfully negotiated a custody stipulation shortly before the trial began, thus eliminating that item as an issue for trial.
Defendant’s application is supported by her own affidavits, the affirmations of Pam, copies of retainer agreements and billing statements from each of the above law firms which reflect a range of hourly billing rates from $280 (Pam) up to $450 (Ta-bat). Defendant has not submitted an updated net worth statement or any other comparable compilation of her income, assets, expenses, liabilities, resources and circumstances. However, she does claim a great disparity between her financial condition and that of plaintiff.
*389 Notably absent from defendant’s submission is any affidavit or evidence from Tabat, K & K or F & G, attesting to or in support of the rates billed, the time expended, the reasons for the time expended or the goals achieved.
In opposition, plaintiff contends that defendant’s obstructionist tactics unnecessarily prolonged and delayed the action, that her frequent changes of attorneys was for lack of good cause and unnecessarily added to her total fees. Plaintiff submits a copy of an unsigned settlement agreement that was reached after extensive negotiations when defendant was represented by Tabat but which he states that defendant refused to sign, a copy of his bills from his attorney and his 2010 W-2 showing wages that year of more than $329,000. The total billing paid to plaintiffs counsel, through the trial and this application was more than $125,000 at the rate of $400 per hour.
Plaintiff has submitted his 2010 W-2 and a summary of the numerous bills and expenses paid by him during the pendency of this action, but has not submitted any other evidence as to his assets, liabilities, other income, expenses or present financial circumstances, albeit he reminds the court that each party received nearly $800,000 from the sale of their marital home and other assets, that he has already paid more than $35,000 to the three law firms preceding Pam and that the sale of a beach house property should yield approximately $300,000 to each party.
The authority to award attorney’s fees in an action for divorce is contained in Domestic Relations Law § 237 (a), which permits a court to direct that counsel fees may be awarded to enable a party to carry on or defend the action. This section requires an affidavit from the party seeking the award, as well as their respective attorneys. Defendant has satisfied the affidavit requisites as to herself and Pam but not as to her prior attorneys.
An award of counsel fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case. In determining whether to award counsel fees, the court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties’ positions. A counsel fee award generally will be warranted where there is a significant disparity in the financial circumstances of the parties. The court may also consider whether *390 either party has engaged in conduct or taken positions resulting in a delay of the proceeds or unnecessary litigation. (Fredericks v Fredericks, 85 AD3d 1107 [2d Dept 2011].) The court may also consider the merit of the positions taken by the parties (Moccia v Moccia, 82 AD3d 1064 [2d Dept 2011]; see also Baron v Baron, 71 AD3d 807 [2d Dept 2010]; Blay v Blay, 51 AD3d 1189 [3d Dept 2008]).
An award of attorney’s fees is designed to redress economic disparity between the spouses and may also include fees incurred in pursuit of an award for legal fees. (O’Shea v O’Shea, 93 NY2d 187, 197 [1999].) Moreover, it is now settled that an attorney discharged without cause may proceed directly against the monied spouse. (Frankel v Frankel, 2 NY3d 601 [2004].) However, that is not the present situation.
While it is conceivable that a counsel fee award to a nonmonied spouse could be reduced, based on frivolous or wasteful conduct, it is improper to require the nonmonied spouse to pay a portion of the fees of the other more monied spouse. (Silverman v Silverman, 304 AD2d 41 [1st Dept 2003].)
Here, the absence of any evidence from three of the attorneys for whom payment is requested would justify a simple denial of the motion as to their fees and a consideration of the fees owed to Pam. However, the plaintiff has raised factual issues concerning the relative financial circumstances of the parties, the reasons for the change of attorney and the necessity of the fees incurred that cannot be resolved unless there is an evidentiary hearing. Hence, the court will permit the defendant to offer admissible evidence in accordance with Domestic Relations Law § 237 (a) as to all of the claimed fees.
The court finds that Pam’s rates are reasonable in comparison to the rates of the other attorneys, and since this court presided at the trial, that Pam expended a substantial portion of the time and effort he claims. But even as to him the issues of partial payment by plaintiff, financial circumstances, disparity and resources, as well as whether defendant engaged in any obstructionist tactics, remain to be resolved by a trier of fact.
Under similar circumstances, cases have been remitted to a hearing when an affidavit from an attorney was not submitted. (Rzepecki v Rzepecki, 6 AD3d 1134 [4th Dept 2004]; Kalish v Kalish, 289 AD2d 202 [2d Dept 2001]; see also Patterson v Patterson, 302 AD2d 507 [2d Dept 2003].) This court determines that in the interests of justice, defendant should be afforded the opportunity to present evidence and for the plaintiff to cross-examine witnesses and contest the evidence.
*391 It should be noted that the focus of the hearing is whether the plaintiff should be made to pay any portion of defendant’s legal fees and not whether defendant has any contractual duty to the providers thereof, based on the contractual relationship or their conduct.
The attorneys for the parties shall appear for a scheduling conference in this part on November 22, 2011 at 2:30 p.m., at which time a date shall be selected for the hearing.