■ MARY ANN CARACCIOLO, Respondent-Appellant, v ROBERT E. CHODKOWSKI, Appellant-Respondent. [937 NYS2d 60]—

Contrary to the parties' contentions, under the circumstances of this case, an award of 50% of the value of the marital property, including the appreciation, during the marriage, of the value of the Roslyn home and the Montauk property, to each of them constitutes an equitable distribution of that property (*see* Domestic Relations Law § 236 [B] [1] [d] [3]; [5] [c]; *Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *McGrath v McGrath*, 261 AD2d 369 [1999]; *Robertson v Robertson*, 186 AD2d 124 [1992]; *Shahidi v Shahidi*, 129 AD2d 627 [1987]). Further, the Supreme Court providently exercised its discretion in making such an award, rather than giving each party credit for separate expenditures used to finance the improvements to the properties. "The parties' choice of how to spend funds during the course of the marriage should ordinarily be respected," and the "[c]ourts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 421 [2009]).

However, the Supreme Court erred in determining that only $372,207.38 of the loan drawn on the new HELOC constituted marital debt. The burden of paying the outstanding balance of the new HELOC, a sum of $449,867.05, should be shared by the parties since it was incurred during the marriage (see *Mosso v Mosso*, 84 AD3d 757 [2011]).

The Supreme Court also erred in failing to award the plaintiff a credit in the sum of $15,128 for the outstanding loan on the BMW automobile she was awarded as part of the marital property distribution. The record does not support the court's finding that the parties stipulated that the net value of the vehicle after deducting the loan was $12,000. The court further erred in awarding the defendant a credit in the sum of $5,831.45 based upon a purported estimate of the cost that would be incurred to repair his 1994 Mitsubishi 3000 automobile, which allegedly was damaged while in the plaintiff's possession. The estimate offered into evidence by the defendant contained inadmissible hearsay, and he failed to lay a foundation for its admission as a business record (see CPLR 4518 [a]; *Roldan v New York Univ.*, 81 AD3d 625 [2011]).

The decision to award an attorney's fee lies, in the first instance, in the discretion of the trial court and then in the Appellate Division, whose discretionary authority is as broad as that of the trial court (see Domestic Relations Law § 237 [a], [c]; *O'Brien v O'Brien*, 66 NY2d 576, 590 [1985]). Under the circumstances of this case, the plaintiff should have been awarded the sum of $75,000 as an attorney's fee (see Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *Moccia v Moccia*, 82 AD3d 1064 [2011]; *Burger v Holzberg*, 290 AD2d 469 [2002]; *Sand v Lammers*, 150 AD2d 355 [1989]).

The parties' remaining contentions are without merit. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.