DAVID G. COTTON, Respondent, v JANET H. COTTON, Appellant. [938 NYS2d 92]—

On April 30, 1996, after a 26-year marriage, the plaintiff and the defendant entered into a stipulation of settlement which was incorporated but not merged into a judgment of divorce dated May 21, 1997 (hereinafter the stipulation). The stipulation provided, inter alia, that the plaintiff would pay the defendant tax-free monthly maintenance in the sum of $3,000 for 10 years, and entitled the defendant to seek an extension of maintenance, to be granted in a "just and proper" amount, if she established that she continued to be incapable of supporting herself at or near the standard of living before separation.

In an order dated January 8, 2009, the Supreme Court only partially granted the defendant's motion for, inter alia, an award of permanent tax-free maintenance (hereinafter the maintenance award), and the defendant appealed from that order. This Court modified, inter alia, by providing that she was entitled to receive monthly maintenance in the sum of $2,000 until she reached the age of 65, to continue thereafter in the sum of $1,800 until the death of either party, or the defendant's remarriage (see Cotton v Cotton, 76 AD3d 1041 [2010]). However, prior to this Court's modification of the maintenance award, the plaintiff moved, inter alia, for leave to renew and reargue his opposition to the defendant's motion. The plaintiff also moved for a downward modification of his maintenance obligation. The defendant cross-moved for leave to conduct third-party depositions to determine the plaintiff's financial resources, and for sanctions and an award of an attorney's fee for the costs of defending the action.

In an order dated August 3, 2010, the Supreme Court granted that branch of the plaintiff's motion which was for leave to reargue to the extent that it found certain misstatements of fact existed which overestimated the defendant's medical liabilities and underestimated her monthly income. The Supreme Court also held that there were new facts since the order dated January 8, 2009, which justified renewal, and that certain facts required a hearing to determine whether changed circumstances required downward modification of the maintenance award, including whether the defendant's net worth exceeded the plaintiff's net worth as of January 2010. The Supreme Court also held the plaintiff's motion for a downward modification of his maintenance obligation in abeyance pending the conclusion of a hearing to determine, inter alia, the parties' respective financial status. The Supreme Court also denied the defendant's cross motion in its entirety. The defendant appeals from

so much of the order dated August 3, 2010, as denied those branches of her cross motion which were for leave to conduct third-party depositions and for an award of an attorney's fee.

The defendant's contentions regarding her right to conduct nonparty discovery are without merit, as the defendant failed to make any showing that the requested information is not available from other sources, notably, the plaintiff (*see Kooper v Kooper*, 74 AD3d 6, 16 [2010]; *Reich v Reich*, 36 AD3d 506, 507 [2007]).

A court may award an attorney's fee to a spouse in a matrimonial action to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard for the circumstances of the case and of the respective parties (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Moccia v Moccia*, 82 AD3d 1064, 1064 [2011]; Domestic Relations Law § 237 [a]). The trial court should exercise discretion in awarding an attorney's fee "in appropriate cases, to further the objectives of litigational parity, and to prevent the more affluent spouse from wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation" (*O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *see DeCabrera v Cabrera-Rosete*, 70 NY2d at 881; *Many v Many*, 84 AD3d 1036, 1037 [2011]; *Sevdinoglou v Sevdinoglou*, 40 AD3d 959, 960 [2007]).

Since the Supreme Court held the plaintiff's motion for a downward modification of his maintenance obligation in abeyance pending the conclusion of a hearing to determine, inter alia, the parties' respective financial status, the Supreme Court also should have held in abeyance that branch of the defendant's cross motion which was for an award of an attorney's fee for defending the plaintiff's motion, pending that determination (*cf. Matter of Dinhofer v Zabezhanskaya*, 79 AD3d 1039 [2010]; *David v David*, 54 AD3d 714, 715 [2008]; *Vigo v Vigo*, 97 AD2d 463, 464 [1983]). Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.