Linda Myles, Appellant, v Charles Perry III, Respondent. [8 NYS3d 104]—

Order, Supreme Court, New York County (Deborah Kaplan, J.), entered July 16, 2014, which granted defendant's motion for counsel fees, unanimously affirmed, without costs.

The court correctly held that the settlement agreement between the parties (agreement) authorized defendant's firm to seek counsel fees from plaintiff. The agreement states that the parties "agree that, with respect to the unpaid legal fees and disbursements each party owes to his or her attorneys . . . requests may be made for same to the Court upon papers . . . Notwithstanding the foregoing, each party shall be responsible for and shall pay his or her respective counsel . . . fees." The agreement then provides that each party is "solely responsible" for his counsel's fees and that each party agrees to indemnify the adversary spouse against third-party claims for those fees. Relying on its prior order, entered on or about March 24, 2014,

the court correctly interpreted the provision thus: first, to allow counsel to seek any unpaid legal fees from the adversary spouse upon motion to the court, and second, in the event the court awarded only part of the legal fees, to obligate the spouse to pay his remaining portion. Similarly, as the spouse remains solely responsible for the remaining portion, he must indemnify the adversary spouse if that remaining portion is sought from her.

Plaintiff contends that the agreement allows counsel to seek fees from her own client only, not from the adversary spouse. However, as the court noted, there is no apparent reason to include such an agreement between an attorney and her client in a settlement agreement between adversary spouses.

The court correctly held that defendant's attorneys substantially complied with the billing requirements of 22 NYCRR 1400.2, and were thus entitled to seek counsel fees (*see Edelman v Poster*, 72 AD3d 182, 183-184 [1st Dept 2010]).

The court properly awarded defendant, who is cognitively impaired, an additional $62,500 in counsel fees, well below the more than $100,000 requested (Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]). The court considered the parties' respective financial circumstances and plaintiff's earlier payment of $40,000 towards defendant's counsel fees. Moreover, the court considered the amount of defendant's distributive award and concluded that defendant had the ability to pay part of his counsel fees.

There is no basis for disturbing the court's conclusion that the firm's fees were reasonable and not excessive. Nor was plaintiff entitled to a hearing regarding those fees. As the court noted, the agreement provides that any request for counsel fees will be decided "upon papers," and plaintiff was able to fully discuss her challenges to the hourly rates and itemized bills in her papers. Concur—Tom, J.P., Friedman, Renwick, Moskowitz and DeGrasse, JJ.