Soltanpour v Koch (2019 NY Slip Op 07554)





Soltanpour v Koch


2019 NY Slip Op 07554


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10173 310823/12

[*1] David Soltanpour, Plaintiff-Appellant,
v
Christine Koch, Defendant-Respondent.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Barry Abbott of counsel), for respondent.



Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered November 28, 2017, which, to the extent appealed from, awarded defendant wife $135,000 in interim counsel fees, unanimously affirmed, without costs.
It was a provident exercise of the court's discretion to direct plaintiff husband to pay $135,000 of the wife's requested attorneys' fees (Domestic Relations Law § 237[b]), given the husband's failure to rebut the statutory presumption that fees shall be awarded to the less monied spouse (id.). Cognizant of the high fees that had accrued in this case, pre-trial, the court did not award the wife 100% of what she sought. We find its determination to award the wife 90% of the requested $150,000, subject to reallocation after trial, a sound exercise of discretion (see DeCabrera v Cabrera-Rosete, 70 NY2d 879 [1987]). The court was not required to accept or adjudicate, in advance of trial, the husband's claims of a change in financial circumstances. The decision to award the wife fees at this time was a provident exercise of discretion, especially because the husband had failed to support his claim that he was no longer the more monied spouse with, at a minium, a completed updated net worth statement and recent tax returns.
We reject the husband's argument that the fee waiver in the parties' prenuptial agreement precludes the attorneys' fee award (Maddaloni v Maddaloni, 163 AD3d 794 [2d Dept 2018]). The circumstances weigh against enforcement of the agreement at this juncture, given the disparity in the parties' finances, and the hearing which revealed a potentially meritorious challenge to the terms of the parties' prenuptial agreement (Maddaloni, 163 AD3d
795-796; see Anonymous v Anonymous, 123 AD3d 581, 584-585 [1st Dept 2014]).
We have considered the husband's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK