Lek v Lek (2024 NY Slip Op 05893)

Lek v Lek

2024 NY Slip Op 05893

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 309100/19 Appeal No. 3097 Case No. 2023-06646 

[*1]Charles F. Lek, Plaintiff-Respondent,
v
Olesya A. Lek, Defendant-Appellant.

Olesya A. Lek, appellant pro se.
Pryor Cashman, LLP, New York (Ronnie Schindel of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered December 18, 2023, which denied defendant wife's motion to direct plaintiff husband to establish a residence away from the home of his father, to engage a child care provider for the child during his parenting time, and to pay the wife's legal fees in the amount of $17,385, and granted the husband's cross-motion to the extent of awarding him reimbursement for the payment he made to a jointly selected security guard for the walk-through of the parties' former residence in the amount of $1,070, unanimously affirmed, without costs.
The court properly declined to hold a hearing on the wife's motion because she did not make an offer of proof, such as an affidavit based on personal knowledge, that would have affected the outcome beyond unsupported and speculative allegations (see Matter of Antoine D. v Kyla Monique P., 168 AD3d 476 [1st Dept 2019], lv denied 32 NY3d 917 [2019]; Matter of Antonio Dwayne G. v Ericka Monte E., 137 AD3d 647, 647 [1st Dept 2016], lv denied 27 NY3d 909 [2016]). The third-party affidavits were insufficient to raise any disputed facts that would necessitate a hearing. Neither affidavit addressed the specific allegations raised in the wife's motion, and both affiants had not been in contact with either the child or the grandfather in recent years.
The wife's request for attorney's fees fails to comply with the technical requirements of 22 NYCRR 202.16. Moreover, the denial of interim attorney's fees was a provident exercise of discretion given the equities and circumstances of this case, including the relative merit of the parties' positions (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; see also Ning-Yen Yao v Kao-Yao, 147 AD3d 624, 631 [1st Dept 2017]).
The record supports the court's determination to award the husband $1,070 to reimburse for the cost of hiring a security company to accompany the wife during the walk-through where she failed to provide a justification for her last-minute cancelation.
We have considered the wife's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024