■ DAVID DAY REALTY, INC., Appellant, v ARTHUR STEIN, Respondent and Interpleader Plaintiff-Respondent. BROWN, HARRIS, STEVENS, INC., Interpleader Defendant-Respondent.— Order, Supreme Court, New York County (Burton S. Sherman, J.), entered April 3, 1991, which, *inter alia,* denied plaintiff's motion for summary judgment, and granted defendant-interpleader plaintiff's cross-motion for summary judgment, unanimously affirmed, with costs.

The contract of sale specifically states that plaintiff is the sole real estate broker who brought about the subject sale. In denying plaintiff's motion for summary judgment, IAS properly considered parol evidence regarding the counterclaims of another real estate broker, interpleader/defendant Brown, Harris, Stevens, Inc., that it is entitled to share in the subject brokerage commission. The assertions of Brown, Harris, Stevens, Inc., that it co-brokered the sale of the apartment, or that plaintiff fraudulently represented that it would share any commission obtained upon sale of the subject apartment, raise issues of fact precluding the grant of summary judgment in favor of plaintiff. Furthermore, since defendant is a mere stakeholder, the IAS court properly discharged defendant from liability pursuant to the establishment of an interpleader fund (CPLR 1006 [f]). Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.