■ VIPAN KUMAR, Respondent, v ANITA DUDANI, Appellant. [721 NYS2d 629] —Judgment, Supreme Court, New York County (Marjory Fields, J.), entered November 16, 1999, awarding plaintiff husband a divorce, unanimously affirmed, without costs. Order and judgment (one paper), same court and Justice, entered February 15, 2000, which, *inter alia*, (1) awarded defendant wife $12,695 in marital property, (2) directed plaintiff to make biweekly payments of $625.27 in child support, (3) directed defendant to pay 75% ($1,794.26) towards the $2,392.35 fee of the guardian ad litem, and (4) directed defendant to pay plaintiff $850 in attorney's fees, unanimously modified, on the facts, to increase plaintiff's biweekly child support payments to $851.57, the matter remanded for a recalculation of child support arrears consistent with this decision, and otherwise affirmed, without costs. Orders, same court and Justice, entered February 8 and 28, 2000, which, *inter alia*, directed defendant to pay plaintiff $500 in attorney's fees, unanimously affirmed, without costs. Order, same court and Justice, entered March 8, 2000, which, *inter alia*, directed defendant to pay $600 in attorney's fees, unanimously affirmed, without costs. Order, same court and Justice, entered March 23, 2000, which, *inter alia*, directed defendant to pay $400 in attorney's fees, unanimously affirmed, without costs. Order, same court and Justice, entered April 25, 2000, which, *inter alia*, (1) granted plaintiff's motion for supervised visitation with the parties' child, and (2) directed the parties' to each pay 50% of the facilitator's $200 per visit fee, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered February 3 and 8, 2000, unanimously dismissed, without costs, as taken from nonappealable papers.

The divorce was properly granted upon a finding, amply sup-

ported by the record, that defendant abandoned plaintiff for more than a year (Domestic Relations Law § 170 [2]), when she left the marital home with her daughter to visit her parents in her native country. The award of $12,695 in marital property to defendant was properly based on defendant's own expert's testimony that plaintiff's enhanced earning capacity as a result of the medical training he received in this country during the marriage is $557,042, a finding that approximately 22% of that sum ($126,950) constitutes marital property in view of the medical training that plaintiff received before, during and after the marriage (see, *Vainchenker v Vainchenker*, 242 AD2d 620, 621), and a finding that 10% of this marital asset should go to defendant in view of the short duration of the parties' sporadic cohabitation and the lack of support defendant provided during the marriage (see, *Blankenship v Kerr*, 225 AD2d 645). However, we modify to increase child support as above indicated, the testimony and documentary evidence at trial demonstrating that the parties' combined parental income is $176,000, not $140,632.80 as found by the trial court. The supervised visitation awarded plaintiff has a sound basis in a record that lacks substantial evidence that such visitation would be detrimental to the child (see, *Paul G. v Donna G.*, 175 AD2d 236, 237). The awards of attorney's and other related fees to plaintiff were proper exercises of discretion in view of the circumstances of the case (see, *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881), which included dilatory tactics and many unnecessary motions by defendant. We have considered defendant's other arguments, including that the court improperly denied an adjournment request and several motions to recuse and exhibited bias and hostility towards defendant, and find them unavailing. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.