■ JILL A. BRENNER, Respondent, v DAVID A. BRENNER, Appellant. [860 NYS2d 58]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered December 6, 2007, which, inter alia, awarded plaintiff $6,000 per month in temporary tax-free maintenance and denied her request for interim counsel fees, unanimously modified, on the facts, maintenance reduced to $4,900 per month, and otherwise affirmed, without costs.

As defendant acknowledges, Domestic Relations Law § 236 (B) (6) (a) "does not mandate that [the] factors [enumerated therein] be taken into account and set forth in the decision fixing temporary maintenance" (*Berley v Berley*, 97 AD2d 726, 727 [1983]). In any event, the decision shows that the IAS court was aware of the factors to be considered.

Contrary to defendant's claim, the court did not accept all of plaintiff's expenses as reasonable; plaintiff sought $7,500 per month, but the court awarded only $6,000. Temporary awards are often "based on conflicting affidavits, offering differing versions of the parties' finances and the standard of living they enjoyed during the marriage" (*Konecky v Kronfeld*, 2 AD3d 371, 371 [2003]).

The IAS court did not improvidently exercise its discretion in refusing to impute income to plaintiff. There is no evidence that plaintiff deliberately reduced her income (*cf. Hickland v Hickland*, 39 NY2d 1 [1976]); on the contrary, it was higher at the time of her application for pendente lite maintenance than it was in 2005.

"The purpose of temporary maintenance . . . is . . . to assure that the reasonable needs of a dependent spouse are met during the pendency of a divorce proceeding" (*Ritter v Ritter*, 135 AD2d 421, 422 [1987]). It is "plaintiff's burden to demonstrate the need for the award she sought" (*id.* at 423). "[T]he standard of living previously enjoyed by the parties is a relevant consideration in assessing the reasonable needs of a temporary maintenance applicant" (*id.* at 422).

It is conceded that the parties' beach house had been sold, so plaintiff is not entitled to $1,100 per month as expenses therefor.

We have considered defendant's remaining arguments for affirmative relief and find them unavailing.

Since plaintiff did not cross appeal, she may not ask us to overturn the portion of the court's order that denied her request for interim counsel fees (*see Hecht v City of New York*, 60 NY2d 57 [1983]). However, this request is not so egregious as to warrant sanctions (*cf. Derderian v Derderian*, 178 AD2d 374 [1991]). Concur—Mazzarelli, J.P., Catterson, Moskowitz and Acosta, JJ.