■ MICHAEL ANSOUR, Respondent, v KRISTEN KOSSMAN AN-SOUR, Appellant. [878 NYS2d 17]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered February 28, 2008, to the extent appealed from as limited by the briefs, awarding defendant maintenance of $6,000 per month until the month she receives her first deferred-income payment due in 2010 as part of equitable distribution, ordering plaintiff to pay $6,343.75 per month in basic child support, to be recalculated in 2008 to include maintenance payments defendant has received, and ordering plaintiff to pay $80,000 to defendant's counsel and $15,000 to defendant's expert accountant, unanimously affirmed, with costs.

Income was imputed to defendant from her interest in a limited partnership, which she reports on her federal income tax return as tax-exempt. This was appropriate in light of the court's finding that defendant was not forthcoming about this interest (*cf. Brenner v Brenner*, 52 AD3d 322 [2008]).

The child support award was properly based on the children's actual needs and the amount required for a lifestyle appropriate for them (*see Matter of Vladlena B. v Mathias G.*, 52 AD3d 431 [2008]). As to the court's direction that child support be recalculated in 2008 to include defendant's income from maintenance, such maintenance payments received and reported on

a party's most recently filed income tax return should be included as income for purposes of calculating child support (Domestic Relations Law § 240 [1-b] [b] [5] [i]; *Matter of Krukenkamp v Krukenkamp*, 54 AD3d 345 [2008]; *Matter of Diamond v Diamond*, 254 AD2d 288, 289 [1998]). Of course, upon expiration of the maintenance payments in 2010, defendant may seek to modify the child support award accordingly.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]). Here, including pendente lite maintenance, defendant was awarded seven years of maintenance, which is equivalent to the length of the marriage. In addition, as the trial court noted in considering all the relevant factors, the marital lifestyle was not lavish, defendant received over $2 million in equitable distribution, she was not forthcoming about her separate property, she was only 44 years old, and she held two master's degrees that would allow her to become gainfully employed in the near future. Moreover, the court crafted the maintenance award to terminate when the children became 12 years old and defendant would begin receiving deferred income from the equitable distribution settlement. Defendant's comparison of this case to those in which lifetime maintenance was awarded is without merit, since those cases involved marriages of long duration (*see Hickland v Hickland*, 39 NY2d 1 [1976], *cert denied* 429 US 941 [1976]; *Kay v Kay*, 37 NY2d 632 [1975]), where the recipient spouse had little or no career experience (*Phillips v Phillips*, 182 AD2d 746, 747 [1992]; *Reingold v Reingold*, 143 AD2d 126 [1988]), or where the recipient spouse's age and medical condition were factors (*Loeb v Loeb*, 186 AD2d 174 [1992]).

In light of the considerable distributive award and defendant's conduct unnecessarily protracting and complicating this action, the trial court providently exercised its discretion in awarding defendant only a portion of her counsel and expert fees (*see Azizo v Azizo*, 51 AD3d 438 [2008]; *Kumar v Dudani*, 281 AD2d 178 [2001], *lv denied* 97 NY2d 603 [2001]). Concur—Andrias, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.