■ JEFFREY SQUITIERI, Respondent, v BETH SQUITIERI, Appellant. [934 NYS2d 151]—

The court has broad discretion in imputing income to a parent, particularly, where, as here, there is evidence that the parent underreported income (see *Ansour v Ansour*, 61 AD3d 536 [2009]; *Baruch v Blum*, 301 AD2d 479 [2003]; *Matter of Klein v Klein*, 251 AD2d 733, 735 [1998]). Indeed, the husband's annual income could not be accurately ascertained because of his apparently evasive testimony, and his failure to produce appropriate documentation.

Nonetheless, the IAS court did not state how it arrived at a figure of $300,000 for the cap "on the marital income." Although the court does state that it used the 29% calculation for three children found in Domestic Relations Law § 240 (1-b) (c) (2), and that the husband is responsible for 95% of the support, the order is far from transparent on how it arrived at the $300,000 figure. It is not clear, for example, how much of this amount is attributable to the husband and how much attributable to the wife, or whether the court based this amount on the husband's testimony. As a result, the matter is remitted to the Supreme Court so that it may explain how it arrived at the figure of $300,000 as a cap on the income subject to child support calculations (*see Cohen v Cohen*, 28 AD3d 840, 841 [2006]).

While an award of maintenance is within the court's discretion (*Hughes v Hughes*, 79 AD3d 473, 475 [2010]), the court erred in failing to award any maintenance. At the time of the award, the husband was in a clearly superior financial position, and the wife stopped working outside the home so that she could care for the parties' three children. Moreover, the illness of the parties' daughter could reasonably interfere with the wife's obtaining and maintaining gainful employment. As a result, the matter should be remitted for a calculation of such maintenance (*see Atweh v Hashem*, 284 AD2d 216 [2001]; *cf. Ansour* at 537).

We have considered the wife's remaining contentions and find them without merit. Concur—Mazzarelli, J.P., Andrias, Renwick, Freedman and Manzanet-Daniels, JJ.