# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

607

CA 12-01300

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

KATHERINE M. ALMONTE, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT J. ALMONTE, DEFENDANT-APPELLANT.

---

ANTHONY J. DIMARTINO, JR., OSWEGO (CARL L. SCHMIDT OF COUNSEL), FOR DEFENDANT-APPELLANT.

DENNIS S. LERNER, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered September 15, 2011. The judgment, inter alia, directed defendant to pay maintenance, temporary child support arrears, and temporary maintenance arrears.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the amount of temporary maintenance arrears specified in the twelfth ordering paragraph to $1,875, and as modified the judgment is affirmed without costs.

Memorandum: Defendant appeals from a judgment of divorce that, inter alia, directed him to pay maintenance, temporary child support arrears, and temporary maintenance arrears. We reject defendant's contention that Supreme Court abused its discretion in setting the amount of maintenance; rather, "[t]he record establishes that the court appropriately considered [plaintiff's] 'reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors' set forth in Domestic Relations Law § 236 (B) (6) (a)" (*Frost v Frost*, 49 AD3d 1150, 1151, quoting *Hartog v Hartog*, 85 NY2d 36, 52). Contrary to defendant's further contention, the court also properly directed the amount of maintenance to increase at the time of the emancipation of the parties' youngest child. That event was an "imminent and measurable change" that was to occur less than six months following entry of the divorce judgment (*Majauskas v Majauskas*, 61 NY2d 481, 494). We agree with defendant, however, that the court erred in calculating the amount of arrears owed pursuant to a prior temporary order, which directed him to pay maintenance and child support. The amount designated as temporary child support arrears in the eleventh ordering paragraph of the judgment, $4,810, is included, incorrectly, within the amount designated as temporary maintenance arrears in the twelfth ordering paragraph of the judgment, $6,685. We therefore modify the judgment accordingly. Plaintiff

failed to take a cross appeal from the judgment and we thus do not address her contention that the court erred in failing to make the awards of child support and maintenance retroactive to the date of commencement of the action (*see Oliver v Oliver*, 70 AD3d 1428, 1430; *Brenner v Brenner*, 52 AD3d 322, 323).

Entered:  July 5, 2013                              Frances E. Cafarell
                                                   Clerk of the Court