# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

887

CA 12-01799

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

KATHERINE ZUFALL, PLAINTIFF-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

KARL ZUFALL, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JOAN WARREN, BUFFALO (JAMES P. RENDA OF COUNSEL), FOR
DEFENDANT-APPELLANT.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Wyoming County
(Robert C. Noonan, A.J.), entered March 8, 2012 in a divorce action.
The judgment, among other things, ordered defendant to pay spousal
maintenance to plaintiff.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating from the eighth decretal
paragraph the language "until Plaintiff reaches the age of sixty-two"
and substituting therefor the language "for a term of seven years from
the date of commencement of the action, or until Plaintiff" and
reducing defendant's net child support obligation to $504.85 per
month, and as modified the judgment is affirmed without costs.

Memorandum:  In appeal No. 1, defendant husband appeals from a
judgment of divorce entered following a nonjury trial that, inter
alia, awarded plaintiff wife maintenance and child support and, in
appeal No. 2 he appeals from an order directing him to pay a portion
of plaintiff's attorney fees.  We reject defendant's contention in
appeal No. 1 that Supreme Court erred in awarding maintenance to
plaintiff in the amount of $150 per week, but we agree with defendant
that the duration of maintenance is excessive.  We therefore modify
the judgment in appeal No. 1 accordingly.

The parties were married for 21 years and have five children, one
of whom is emancipated.  During the marriage, plaintiff was primarily
a homemaker, raising the parties' children while defendant worked as a
correction officer.  Shortly before this action was commenced,
defendant retired at the age of 50 after 25 years of service with the
State of New York, leaving a job that paid him in excess of $90,000
annually.  He now receives pension benefits of $2,798 per month.
Although able-bodied, defendant does not presently work.  Plaintiff,

on the other hand, has been determined by the Social Security Administration to be 50% disabled, and she receives partial Social Security disability benefits of $622 per month plus workers' compensation benefits of $400 per month.  She also works 20 hours per week as a bartender, earning $5 per hour plus tips.  Pursuant to the parties' prenuptial agreement, the validity of which is not challenged by plaintiff on appeal, the court did not award plaintiff any interest in defendant's pension or in the marital residence, which defendant obtained prior to the marriage, notwithstanding the fact that defendant paid the mortgage on that property during the marriage with marital funds.

Considering the statutory factors enumerated in Domestic Relations Law § 236 (B) (6) (a) — particularly, the length of the marriage; the income and property of the parties, including the marital property distributed by the court; and the present and future earning capacity of the parties — we conclude that the court did not abuse its discretion in awarding weekly maintenance to plaintiff in the amount of $150 (*see Almonte v Almonte*, 108 AD3d 1056, 1056-1057; *Rooney v Rooney* [appeal No. 3], 92 AD3d 1294, 1295, *lv denied* 19 NY3d 810).  With respect to the duration of maintenance, however, we agree with defendant that the court's award is excessive insofar as the court ordered defendant to pay maintenance until plaintiff turns 62, i.e., for approximately 18 years.  We conclude that a term of seven years from the date of commencement of the action "should afford the plaintiff a sufficient opportunity to become self-supporting" (*Jaramillo v Jaramillo*, 108 AD3d 651, 653; *see generally Smith v Smith*, 79 AD3d 1643, 1644; *Palestra v Palestra*, 300 AD2d 288, 289).

We reject defendant's related contention in appeal No. 1 that the court erred in failing to order that maintenance shall cease if plaintiff cohabits with another man.  Pursuant to Domestic Relations Law § 248, defendant may move to terminate maintenance on the ground that plaintiff is "habitually living with another man and holding herself out as his wife," and defendant cites no authority for the proposition that the court must include such a provision in the judgment of divorce.

Defendant also challenges the court's award of child support in appeal No. 1.  His primary contention in that regard is that the court erred in failing to deduct the amount he pays in maintenance from his gross income before calculating the parties' respective child support obligations.  We reject that contention.  "Where, as here, there [is] no provision for an adjustment of child support upon the termination of maintenance, . . . there [is] no basis for the court to deduct maintenance from [the] defendant's income in determining the amount of child support" (*Juhasz v Juhasz* [appeal No. 2], 92 AD3d 1209, 1211 [internal quotation marks omitted]; *see Schmitt v Schmitt*, 107 AD3d 1529, 1529-1530; *Salvato v Salvato*, 89 AD3d 1509, 1509-1510).

Although not raised on appeal, we note that defendant's net child support obligation must be reduced based on a mathematical error in the calculation thereof.  The court determined that, based on the parties' respective adjusted gross incomes, defendant must pay child

support of $807.48 per month for the three unemancipated children residing primarily with plaintiff, while plaintiff must pay $302.63 per month for the one unemancipated child residing with defendant. Although we agree that those are the correct child support awards for each party, the judgment inaccurately provides that defendant owes a net amount of $540.85 per month in child support. The correct amount is $504.85, and we therefore further modify the judgment accordingly. We reject defendant's remaining challenges in appeal No. 1 to the child support award.

Defendant further contends in appeal No. 1 that the court erred in awarding plaintiff half of the funds in his deferred compensation account. According to defendant, the court improperly presumed that all of the funds in that account accumulated during the marriage, and he therefore contends that we should remit the matter to Supreme Court to determine the "marital share" of that account as distinguished from his "separate property share." There is no merit to that contention. Pursuant to a statutory presumption, "all property, unless clearly separate, is deemed marital property," and the burden rests with the titled spouse to rebut that presumption (*DeJesus v DeJesus*, 90 NY2d 643, 652; *see Fields v Fields*, 65 AD3d 297, 308, *affd* 15 NY3d 158, 162, *rearg denied* 15 NY3d 819; *see also* Domestic Relations Law § 236 [B] [1] [c]; [d]). "The party seeking to rebut that presumption must adequately trace the source of the funds" (*Pullman v Pullman*, 176 AD2d 113, 114, *lv dismissed* 89 NY2d 914); otherwise, the court may properly treat the funds as marital property (*see Sarafian v Sarafian*, 140 AD2d 801, 804-805). Here, it does not appear from the record that defendant offered any evidence establishing the amounts he contributed to his deferred compensation account before or during the marriage. Thus, he failed to meet his burden of establishing that any of the funds in that account are separate property, and we therefore conclude that the court properly presumed that the entire account constitutes marital property subject to equitable distribution.

Finally, we reject defendant's contention in appeal No. 2 that the court abused its discretion in ordering him to pay a portion of plaintiff's attorney fees (*see Gallagher v Gallagher*, 93 AD3d 1311, 1314, *lv dismissed in part and denied in part* 19 NY3d 1022).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court