# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

573
CA 13-00220
PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

TIMOTHY D. GAY, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

MARIA GAY, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

MELVIN & MELVIN, PLLC, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

MACHT, BRENIZER & GINGOLD, P.C., SYRACUSE (JON W. BRENIZER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered March 29, 2012 in a divorce action. The order, among other things, directed plaintiff to cooperate with defendant regarding a life insurance policy on plaintiff's life and ordered both parties to name their children as beneficiaries on their existing life insurance policies.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by providing that the parties' obligation to maintain life insurance naming the children as beneficiaries ceases upon the termination of their respective child support obligations, and as modified the order is affirmed without costs.

Memorandum: In appeal No. 1, plaintiff appeals from an order that, inter alia, directed him to cooperate with defendant regarding a life insurance policy on plaintiff's life, and ordered both parties to name the children as beneficiaries on their existing life insurance policies. In appeal No. 2, plaintiff appeals from an order that, inter alia, denied his motion for leave to renew and/or reargue, and granted defendant's request for attorney's fees. In appeal No. 3, plaintiff appeals from an order that, inter alia, directed him to sign any and all authorizations and/or forms necessary to name the parties' children as beneficiaries of his existing life insurance policy, and to cooperate with defendant in obtaining life insurance on his life. In appeal No. 4, plaintiff appeals from an order granting defendant's further request for attorney's fees incurred in opposing a subsequent motion by plaintiff to hold defendant in contempt. Finally, in appeal No. 5, plaintiff appeals from a letter decision advising that the court intended defendant to be the owner of the insurance policy on plaintiff's life. We note at the outset that we dismiss the appeal

from the order in appeal No. 2 to the extent that it denied leave to reargue (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984), and we dismiss appeal No. 5 inasmuch as " '[n]o appeal lies from a mere decision' " (*Meenan v Meenan*, 103 AD3d 1277, 1277).

In appeal Nos. 1, 2 and 3, plaintiff contends that Supreme Court erred in ordering him to cooperate with defendant in procuring an insurance policy on his life for the benefit of defendant because the parties did not agree to the imposition of such an obligation, nor did they intend to impose one. We reject that contention. It is well settled that "[a]n oral stipulation of settlement that is made in open court and stenographically recorded is enforceable as a contract and is governed by general contract principles for its interpretation and effect" (*Argento v Argento*, 304 AD2d 684, 684-685; *see Attea v Attea*, 30 AD3d 971, 972, *affd* 7 NY3d 879; *De Gaust v De Gaust*, 237 AD2d 862, 862). "The role of the court is to determine the intent and purpose of the stipulation based on the examination of the record as a whole" (*Argento*, 304 AD2d at 685; *see Walker v Walker*, 42 AD3d 928, 928, *lv dismissed* 9 NY3d 947; *De Gaust*, 237 AD2d at 862). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (*Ayers v Ayers*, 92 AD3d 623, 624; *see Rainbow v Swisher*, 72 NY2d 106, 109). "Whether a [contract] is ambiguous is a matter of law for the court, and the proper inquiry is whether the agreement on its face is reasonably susceptible of more than one interpretation" (*Ayers*, 92 AD3d at 625 [internal quotation marks omitted]).

Here, plaintiff acknowledges that the parties' oral stipulation, which was incorporated but not merged in the judgment of divorce, provides that defendant may purchase insurance on plaintiff's life. He contends, however, that the parties agreed that the children, not defendant, would be the beneficiaries of any such policy. We reject that contention. In support thereof, plaintiff relies upon the statements of counsel prior to an off-the-record conversation, specifically, the statement of defendant's attorney that "I didn't say anything about the spouse. I said the children only." That statement, however, is taken out of context. Plaintiff's attorney began the discussion about life insurance by stating that both parties possessed life insurance policies, and that each party would retain his or her respective policy as separate property "free and clear from any and all claims" of the other party. After a discussion about child support, defendant's attorney asked plaintiff's attorney whether the parties were "going to merge their life insurance for the children as beneficiary till they're twenty-one," and plaintiff's counsel replied, "No. That wasn't discussed." After further discussion, plaintiff's counsel stated that, in the absence of an agreement, the parties could still "nam[e] their children as beneficiaries. There's no need to name the other spouse." Defendant's counsel replied: "Judge, I didn't say anything about the spouse. I said the children only." The record thus establishes that counsel's statements pertained to the parties' *existing* life insurance policies and whether the children would be named as beneficiaries on those policies to secure the parties' respective child support obligations (*see* Domestic Relations Law § 236 [B] [8] [a]).

After an off-the-record discussion and the discussion of an unrelated issue, the parties returned to the issue of life insurance, and agreed that, if "[defendant] wants to take out term insurance on [plaintiff], [plaintiff] will cooperate with any necessary paperwork to do that," provided that it was at "no cost or expense to him." Defendant's counsel agreed that defendant would "pay for it." Unlike the earlier discussion about naming the children as beneficiaries on the parties' existing life insurance polices, the parties' agreement clearly contemplates a *new* policy not in existence at the time of the stipulation. The new policy would be a term life insurance policy as opposed to the parties' existing, permanent whole life policies. Although plaintiff is correct that the parties did not explicitly state that defendant would be the owner and beneficiary of the new policy, we conclude that, upon "examin[ing] the entire contract and consider[ing] the relation of the parties and the circumstances under which the contract was executed" (*Ayers*, 92 AD3d at 625), the only reasonable interpretation of the stipulation is that the new insurance policy was for defendant's benefit.

We thus conclude, with respect to appeal Nos. 1 and 3, that the court did not err in ordering plaintiff "to cooperate with the Defendant regarding the life insurance policy on the Plaintiff's life, naming the Defendant as beneficiary there[of]," and, with respect to appeal No. 2, that the court did not err in denying that part of plaintiff's motion for leave to renew that issue.

Plaintiff further contends in appeal No. 1 that the court erred in requiring the parties to name their children as beneficiaries on their existing life insurance policies. We reject that contention. "Domestic Relations Law § 236 (B) (8) (a) authorizes an order directing the purchase of an insurance policy on the life of either spouse in order to protect maintenance and child support recipients" (*Holterman v Holterman*, 307 AD2d 442, 443, *affd* 3 NY3d 1, citing *Hartog v Hartog*, 85 NY2d 36, 50; *see Wilbur v Wilbur*, 116 AD2d 953, 955). The decision "whether to direct the maintenance of a life insurance policy pursuant to this statutory provision lies within the discretion of the court" (*Wilbur*, 116 AD2d at 955; *see Hartog*, 85 NY2d at 50). Contrary to plaintiff's contention, we conclude that the court properly required both parties to name the children as beneficiaries on their individual life insurance policies in order to secure their respective child support obligations (*see Martin v Martin*, 115 AD3d 1315, 1316; *Gately v Gately*, 113 AD3d 1093, 1094; *Kelly v Kelly*, 19 AD3d 1104, 1107, *appeal dismissed* 5 NY3d 847, *reconsideration denied* 6 NY3d 803). We agree with plaintiff's alternate contention, however, that the life insurance obligation must cease upon termination of the child support obligation (*see* § 236 [B] [8] [a]; *Ciampa v Ciampa*, 47 AD3d 745, 748; *see generally Kelly*, 19 AD3d at 1107). We therefore modify the order in appeal No. 1 accordingly.

Finally, we conclude with respect to appeal Nos. 2 and 4 that the court did not abuse its discretion in ordering plaintiff to pay a portion of defendant's counsel fees (*see Zufall v Zufall*, 109 AD3d

1135, 1138, *lv denied* 22 NY3d 859; *Reed v Reed*, 55 AD3d 1249, 1252).
The decision to award counsel fees in a matrimonial action is a matter
committed to the discretion of the trial court (*see DeCabrera v
Cabrera-Rosete*, 70 NY2d 879, 881; *Zufall*, 109 AD3d at 1138) and, "in
exercising its discretionary power to award counsel fees, a court
should review the financial circumstances of both parties together
with all the other circumstances of the case, which may include the
relative merit of the parties' positions" (*DeCabrera*, 70 NY2d at 881).
We note that, of the multiple motions and cross motions in this
matter, the court awarded defendant counsel fees only in connection
with plaintiff's motion for leave to renew/reargue, which we conclude
lacked merit.  Otherwise, the court denied both parties' applications
for counsel fees in connection with each of the postjudgment motions.

Entered:  June 13, 2014                         Frances E. Cafarell
                                                Clerk of the Court