Matter of Juliana R. v Obiajulu N. (2021 NY Slip Op 06108)





Matter of Juliana R. v Obiajulu N.


2021 NY Slip Op 06108


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Docket No. F-11273/17 Appeal No. 14588 Case No. 2021-01057 

[*1]In the Matter of Juliana R., Petitioner-Respondent,
v
Obiajulu N., Respondent-Appellant.


Berke & Berke, New York (Jeffrey R. Berke of counsel), for appellant.
Kleyman & Associates, P.C., New York (Andriana Toscano of counsel), for respondent.



Amended 0rder, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about November 9, 2020, which denied respondent father's objection to an order of support, same court (Anthony Lopez, Support Magistrate), entered on or about July 6, 2020, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings consistent herewith, including a hearing on the child's needs and standard of living and for a new support determination.
Insufficient evidence was adduced at the de novo hearing on the support petition to determine the father's income. As the Support Magistrate explicitly recognized, there was insufficient evidence to determine the parties' 2017, 2018, and 2019 incomes because no tax returns or annual wage statements were submitted for those years. Further, there were significant gaps in the evidence of the father's historic and current income, namely the absence of the father's tax returns and annual wage statements, the father's incomplete financial disclosures, and his incredible testimony. Accordingly, the father's support obligation should have been based on the needs of the child or the child's standard of living, whichever was greater (Family Court Act § 413[1][k]; see also e.g. Matter of Sowe-Stevenson v Touray, 93 AD3d 559, 559 [1st Dept 2012]; Matter of Darren F. v Marie-Amina T., 58 AD3d 493, 493-494 [1st Dept 2009], lv dismissed and denied 12 NY3d 879 [2009]). Since there was insufficient evidence to establish the child's needs or standard of living, we remand for a hearing limited to that issue and for a new support determination (see Gina P. v Stephen S., 33 AD3d 412, 414-415 [1st Dept 2006]; Matter of Culhane v Holt, 28 AD3d 251, 252 [1st Dept 2006]).
On this record, the Support Magistrate improvidently exercised his discretion in imputing approximately $150,000 in income to the father based on the total deposits made into the father's business bank account in 2016. There was insufficient evidence to attribute the business's gross receipts to the father (see generally Family Court Act § 413[1][b][5][iv]; Squitieri v Squitieri, 90 AD3d 500, 501 [1st Dept 2011]).
The Magistrate erred when he declined to admit into evidence the father's photographs of money orders he sent to petitioner mother (see generally Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639 [1994]). The mother's arguments on this issue are not persuasive. Accordingly, on remand, the Family Court shall credit the father for the payments shown by those photographs.
Our determination renders the remainder of the father's arguments moot. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021